# SUPREME COURT OF TEXAS.

## TYLER, 1856.

FRANKLIN M. WOMACK v. JOHN F. WOMACK.

Where an Act of the Legislature re-organizing two Judicial Districts was passed on the 18th of December, 1855, to take effect immediately, it was held that it did not take effect immediately so as to affect a Term of Court which was held under the former law, commencing on the 24th day of December, 1855.

This case distinguished from Doss v. Waggoner, 3 Tex. R. 515.

Error from Harrison. Tried before the Hon. W. W. Morris.

The Court commenced in Harrison under the former law, on the 24th December, 1855, at which Term the judgment in this case was rendered. The Act of December 18th, 1855, was entitled "An Act to change the sixth and ninth Judicial Districts of the State of Texas, and to define the time of holding Courts therein." On the 14th of January, 1856, a supplemental Act was passed, declaring that the original Act should not be so construed as to prevent the Judge from holding the Fall

Terms of the District Court for 1855 in the counties of Panola and Harrison, as required by law, as it aforetime was.

*N. H. Wilson*, for defendant in error, cited Constitution, Art. 4, Sec. 6 ; Conner v. City of New York, 2 Sanf. Sup. C. R. 355 ; Cannon v. Vaughan, 12 Tex. R. 402. As to the effect of the supplemental Act, Matter of Pennsylvania Hall, 5 Barr, 204 ; Hess and others v. Weets, 4 S. & R. 356 ; Blacking v. Farmer's Bank, 17 S. & R. 64 ; Andrews v. Russel, 7 Blackf., 474 ; Beach v. Woodhull, Pet. C. C. Rep. 2 ; Wilkinson v. Leland et al, 2 Pet. 627 ; Leland v. Wilkinson, 10 Pet. 294 ; 1 Kent, seventh edition, top pages 501, 502 and 503, Dwaris, 628 ; McLeod v. Burroughs, 9 Geo., 213 ; Underwood v. Lilly, 10 S. & R., 97 ; Tate and Wife v. Stooltzfoos, 16 S. & R., 35 ; Bond v. Appleton, 8 Mass 472 ; Watson et al. v. Mercer, 8 Pet. 109 ; Simmons v. Hanover, 23 Pick, 188.

LIPSCOMB, J.   The only question presented for the consideration of the Court, in this case, is whether the Court below, in which the judgment was rendered, was held at a time authorized by law for holding the same.   By the first Section of an Act of the Legislature, approved 18th Dec., 1855, the counties of Wood, Upshur, Harrison and Rusk compose the Sixth Judicial District.   The second Section directs that the Courts shall commence in the county of Wood on the first Monday in February and August, and be held in Harrison on the fourth Monday thereafter.   The fifth Section is in the following words; i. e.: " All process returnable to, and cases triable at, " the regular Terms of the District Courts of the Sixth and Ninth " Judicial Districts, shall be returnable at the regular Terms " thereof respectively, as herein provided." And by the last Section, all laws, and parts of laws, coming in conflict with the provisions of this Act, are repealed.   This Statute is made to take effect from its passage.

In construing this Act, it is important to inquire what was

Womack v. Womack.

the main and primary object the Legislature had in view in its enactment. Taking in view the provision in our Constitution requiring the District Court to be held twice a year in each county, it seems to me manifest that the intention and main and primary object in view was prospective, and to fix the time when the Courts were to be held in each of the counties, commencing in the year succeeding this Act ; that is to say, the year eighteen hundred and fifty-six. This is sufficiently provided for, and the first Term for the year eighteen hundred and fifty-six is specially designated without in any degree conflicting with the time for holding the second and last Term, in the year eighteen hundred and fifty-five. This I believe to be a fair construction of the Act ; and that it does not, in its terms, pretermit the Fall, or last Term, to be holden in those counties, for the year 1855. But this view is strengthened by the lateness of the time when this Act was passed ; almost at the close of the year. We ought not to be astute or hypercritical in the examination and construction of a Statute, to make it conflict with our Constitution ; but should rather give it a construction, if the language would bear us out in so doing, that will avoid such conflict. We do not believe that the fifth Section, in directing the return of cases and process to the regular Terms of the Court appointed by the Act respectively, gives any embarrassment to the question. That Section also is to act prospectively, and refers to process to be issued. Nor is it believed that we come in conflict with the decision of this Court in the case of Doss v. Waggoner, 3 Tex. R. 515 ; but we are entirely satisfied with the correctness of the rulings of the Court in that case. The question presented was whether, when the law fixed a time for the holding of the Court, it could be pretermitted, and held at a different and subsequent time, on the ground of ignorance of the law, or inconvenience in holding the Term at the time prescribed by law. The law had changed the time, and required that it should be holden earlier in the year than the time prescribed by the former law ;

this law did not go into effect until one week before the time
prescribed for holding the Court, but it had been enacted forty
days before it went into effect.   The Term was not held, but
the Judge subsequently held one *de facto*, at the time prescribed
by the old law, and we decided that the Term so held was
without authority of law.   Now in that case the new law did
not infringe upon or omit to give the two Terms to the county
in the year, as required by the Constitution ; but the objection
set up to its observance was ignorance, on the part of the Court,
of the change in the law ; and from the shortness of time when
it was to be holden, after the law took effect, would hinder and
embarrass the business of the Court.   It was, however, still a
Term that might have been held under the new law.   We held
that it could not be holden legally at any other time.

I have forborne to say anything about the subsequent Act
of the Legislature designed to heal the supposed infirmity of
the Act we have discussed, because we believe it did not need
such assistance, as "the whole needs no physician."   This be-
ing the only objection presented by the plaintiff in error, it is
overruled, and the judgment of the Court below is affirmed.

Judgment affirmed.