Opinion delivered April 24, 1889.

No. 6354.

Ex Parte Joe Murphy.

1. PRACTICE—CONSTRUCTION OF STATUTES.—In construing statutory enactments the courts must so interpret the legislative intent as to harmonize the provisions of the act with the Constitution, if it can be reasonably done.

2. Same—Terms of the District Court of Karnes County—Con-
   stitutionality of a Statute.—The relator was convicted of a felony
   at a term of the district court of Karnes county which, under the law
   of 1885, began on the eighth day of April, 1889. Seeking by habeas
   corpus to avoid the execution of the sentence then pronounced against
   him, he shows that, by the act of April 2, 1889, to which an emergency
   clause was appended, the time of the holding of the terms of the said
   district court was changed to the fourth Monday in March:—his con-
   tention being that, by reason of the said enactment of April 2, 1889, he
   was tried and convicted at a time when a legal term of the said district
   court could not be held. *Held* that, notwithstanding the emergency
   clause appended to the act of April 2, 1889, the said act did not operate
   to invalidate the term of the court which began on April 8. The said
   act is constitutional, but, the emergency clause to the contrary notwith-
   standing, it did not take effect until such time as would not deprive
   any county in the judicial district of its constitutional right to two
   terms per annum of the district court.

Habeas Corpus on appeal from a judgment in chambers by
the Hon. H. C. Pleasants, Judge of the Twenty-fourth Judicial
District, remanding the relator to the custody of the sheriff of
Karnes county.

The opinion discloses the case.

*F. R. Graves,* for the relator.

*W. L. Davidson,* Assistant Attorney General, for the State.

Willson, Judge. On the fifth Monday after the first Mon-
day in March, 1889, being the eighth day of April, a term of
the district court for Karnes county was begun and held in
said county, and at said term the applicant Joe Murphy was
convicted and sentenced for the felony of incest. He applied
to the Hon. H. C. Pleasants, judge of said court, for the writ
of *habeas corpus,* which was granted, and upon a hearing of
said writ he was remanded to the custody of the sheriff of said
county, that said sentence might be executed. He has ap-
pealed to this court, insisting that said conviction is illegal and
void, because obtained and rendered at a time when a legal
term of the district court of Karnes county could not be held.

The facts are that the said term of court was held at the
time fixed by the act of 1885 (Laws, 1885, p. 8); that is, com-
mencing on the fifth after the first Monday in March. On
April 2, 1889, six days prior to the convening of said term on

April 8, an act was passed by the legislature changing the time of holding said court in said county to the fourth Monday in March. This act contains an emergency clause, and declares that it shall take effect from its passage. Applicant contends that after the passage of said act of April 2, 1889, a legal term of the district court for Karnes county could not be held except at the times prescribed by said act.

We are of the opinion that the term of said court at which the conviction was had was a legal term. If it were held otherwise, the effect would be to deprive Karnes county of one term of said court for the present year, when the Constitution declares that *two* terms of the district court *shall* be held each year in each county. (Const., art. 5, sec. 7.) In construing an act of the legislature, it is the duty of a court to so interpret the legislative intent as to harmonize the provisions of the act with the Constitution, if this can be done reasonably. It must be presumed that the Legislature did not intend to disregard the above cited provision of the Constitution by depriving Karnes, or any other county in the district, of the constitutional right to have two terms of the district court each year. If such was the intent, the act would be void, and the courts in that district would have to continue to be held at the times fixed by the old law.

Notwithstanding the emergency clause in said act of April 2, we feel justified in holding that it was not the legislative intent that said act should immediately take effect, but that it should become operative only at a time when it would not deprive any county in the district of its two terms of court. In this view we are sustained by Womack v. Womack, 17 Texas, 1, and by Graves v. The State, 6 Texas Court of Appeals, 228, which decisions are in point, and, we think, are conclusive of the question in this case. We therefore conclude that the act of April 2, 1889, is constitutional, but that it does not take effect so as to interfere with the holding of the district courts in said district, until said courts can be held at the dates therein fixed, without depriving any county in said district of two terms of said court during the present year.

The judgment remanding appellant to the custody of the sheriff is affirmed.

*Affirmed.*