PAT NOBLES v. THE STATE.

No. 206.    Decided November 24, 1909.

**Assault to Murder—Time of Holding District Court—Statutes Construed.**

Where, upon appeal from a conviction of assault with intent to murder, it appeared from the record that the Act of the Thirty-first Legislature, changing the terms of holding the District Court in the Thirty-second Judicial District, would have deprived one of the counties in said district of the constitutional right of two terms of said court each year, there was no error in the court's action in holding said court in the county of the prosecution under the provisions of the old law, although the time of holding said court during which defendant was convicted did not correspond with the time fixed in the new law. Following Wilson v. State, 37 Texas Crim. Rep., 373, and other cases.

Appeal from the District Court of Mitchell.    Tried below before the Hon. James L. Shepherd.

Appeal from a conviction of assault with intent to murder; penalty, eleven years imprisonment in the penitentiary.

The opinion states the case.

*L. W. Sandusky,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited cases in the opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to murder, and his punishment assessed at eleven years confinement in the penitentiary.

This appeal is from Mitchell County and brings in review but one question, to wit: the trial was had at a term of court not authorized by law. The court met on the 31st day of May, 1909, and adjourned on the 18th of June thereafter. The contention is that it should have met on the 17th day of May instead of the thirty-first. The Thirty-First Legislature by a bill passed, which was approved and went into effect February 3, 1909, changed the term of holding court in the thirty-second judicial district so as to require the District Court to meet in Borden County on the first Monday in February and September of each year; in the county of Howard on the second Monday after the first Monday in February and September. Omitting the dates of the meeting of the court in the remaining counties of the district, it provided that the District Court should meet in the

county of Mitchell on the fifteenth Monday after the first Monday in February and September with a session of five weeks. This would convene said court on May 17th instead of May 31st. Theretofore the District Court met in Borden County on the 8th Monday after the first Monday in February and September. The first Monday in February, 1909, was on the first day of February, therefore, the act of the Thirty-first Legislature went into effect two days after the provision for the court to meet on the first Monday of the month. The provisions of the act of the Thirty-first Legislature repealed all laws in conflict with it, thereby abolishing the term to be held in that county on the 8th Monday after the first Monday in February and September. By operation of the provisions of the last act Borden County was deprived of one of its terms of court in violation of the provisions of the Constitution, which requires that each county shall hold at least two terms of the District Court each year. Recognizing this, the district judge held the term of court in Mitchell County under the provisions of the old law instead of under the act of the Thirty-first Legislature. In this we are of opinion the judge was correct. Without reviewing the cases we cite in support of the correctness of the ruling of the district judge Ex parte Murphy, 27 Texas Crim. App., 492; Graves v. State, 6 Texas Crim. App., 228; Wilson v. State, 37 Texas Crim. Rep., 373; Womack v. Womack, 17 Texas, 1; Prescott v. Linney, 75 Texas, 615. The question involved in this case was thoroughly adjudicated in the cases cited, supra, and are conclusive of the question.

There being no error in the record, it is ordered that the judgment be affirmed.

*Affirmed.*

Brooks, Judge, absent.