## Ex Parte L. V. Thompson.

### No. 316.    Decided December 15, 1909.

**Habeas Corpus—Perjury—Terms of District Court—Constitutional Law.**

The Act of the Thirty-first Legislature with reference to changing the terms of the District Court, must be given such construction as would authorize and permit the holding of two terms of the court in each county of the district annually, and the District Court should be held during the current year under the old law; and where the relator was convicted at a term of the court not authorized by law he was entitled to his discharge on writ of *habeas corpus*.

From Howard County.

Original application for writ of habeas corpus asking the release of relator under a sentence to the penitentiary under a charge of perjury.

The opinion states the case.

*Dallas Scarborough,* for relator.—A duly organized county can not be deprived of one of her only two terms of the District Court: Constitution of Texas, art. 2, sec. 1; art. 5, secs. 7-14; art. 3, sec. 56; Ex parte Murphy, 27 Texas Crim. App., 492, 11 S. W. Rep., 487; Prescott v. Linney, 75 Texas, 615, 12 S. W. Rep., 1128; Lytle et al. v. Halff et al., 12 S. W. Rep., 610; Wilson v. State, 37 Texas Crim. Rep., 373, 35 S. W. Rep., 390; Womack v. Womack, 17 Texas, 1.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This is an original application for writ of habeas corpus, filed in this court in vacation, and made returnable before the full bench on November 24 of this year.

Relator alleged, in substance, that he was illegally confined and restrained in the State penitentiary under a judgment and sentence rendered in the District Court of Howard County, on the 24th day of February and 2d of March, of this year, respectively. That said judgment and sentence were rendered and pronounced by virtue of a conviction in said court on a charge of perjury; and, further, that at the time that said court was in session in Howard County, that same was convened without legal authority, and that there was no jurisdiction to try him. That the regular term of said court was on the 5th Monday after the first Monday in February, which was the 8th day of March, 1909, and that the term of court at which he was tried and convicted convened on the 15th day of February, 1909. That the term of court at which he was so convicted was convened and held by virtue of an Act of the Thirty-first Legislature, approved February 3, 1909, page 10, of the General Laws, and that by its terms such Act went into immediate effect. That said Act is unconstitutional and void for the reason that same deprives the county of Borden of two terms of District Court, as provided in article 5, section 7, of the Constitution of this State. In the recent case of Nobles v. State, decided on the 24th day of November, of this year, it was held that this Act should be given such construction as would authorize and permit the holding of two terms of court for the current year in Borden County, and that the District Courts in that district should be held during the current year under the old law. This seems to be the settled rule in this State. Ex parte Murphy, 27 Texas Crim. App., 492; Graves v. State, 6 Texas Crim. App., 228; Wilson v. State, 37 Texas Crim. Rep., 373; Womack v. Womack, 17 Texas, 1; Prescott v. Linney, 75 Texas, 615. It results that inasmuch as relator was convicted at a term of court not authorized by law, that such conviction is invalid and must and should be treated as a nullity. It does not appear from the application for writ of habeas corpus when the indictment in the case was returned, and we are not authorized to assume that it was returned at a term of court not authorized to be held by law. It follows, the judgment of conviction being void, that relator should be discharged from the custody of the penitentiary officials, and it equally follows that he should be remanded to the custody of the sheriff of Howard County, which is here ordered for further proceedings in accordance with the law.

*Relator discharged.*