## T. L. BOWDEN ET AL. v. A. W. CRAWFORD.

### No. 2059. Decided February 16, 1910.

**1.—Terms of Court—Statute—Constitutional Law.**

The effect of a statute fixing the time for holding courts in a judicial district was to allow one of the courts therein but one term of district court for the first year of the operation of the act, if, as provided, it took effect upon its passage. Following the ruling of the Court of Criminal Appeals, it was held that this effect could not be given the Act, it being unconstitutional, and that all the terms of court for the district in the first circuit following the passage of the act should be held under the old law. (Nobles v. State, 57 Texas Crim., 307; Ex parte Thompson, 57 Texas Crim., 437, followed). (Pp. 181–183.)

**2.—Same—Case Stated.**

By existing law the term of District Court of Nolan County began on April 12 (Act of April 12, 1905, Laws 29th. Leg., p. 109). By an act reorganizing the district (Act of Feb. 3, 1909, Laws 29th Leg., p. 10) its term was fixed to begin four weeks earlier, and it was so held and a judgment rendered against appellant on April 7. The effect of the latter Act, if applied to Borden, another county of the district (which could not hold its first term for the year on the day provided because the time for commencing it fell on a date before the passage of the Act) being to allow it but one term for the year, the court here adopt the ruling of the Court of Criminal Appeals that the Act should be held to intend that not only Borden, but Nolan and the other counties of the district should hold the spring and summer terms of their courts under the old law, and not under the Act of 1909, and hold the judgment not rendered at a lawful term of the court. (Pp. 181–183).

Questions certified from the Court of Civil Appeals for the Second Supreme Judicial District in an appeal from Nolan County.

*R. C. Crane,* for appellant.

*A. B. Yantis,* for appellee.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals of the Second Supreme Judicial District. The statement and questions are as follows:

"The above entitled and numbered cause is now pending before us on appeal from the District Court of Nolan County from a judgment against the appellants and in favor of appellee for the total sum of one thousand, two hundred and sixty dollars and thirty-five cents. The judgment was rendered upon certain promissory notes, described in appellee's petition, and further foreclosed the vendors lien upon certain

lands, also described in the petition, which had been retained in the notes.

"The judgment was rendered on the 7th day of April, 1909, and we are confronted with the preliminary question of whether the District Court of Nolan County was empowered to act upon the day named.

"By the Act approved April 12, 1905, (See General Laws, 1905, page 109) the regular term of the District Court for the county of Nolan was made to begin on the tenth Monday after the first Monday in February and September of each year, and was authorized to continue in session three weeks. The tenth Monday after the first Monday in February, 1909, was the 12th day of April, 1909, seven days after the rendition of the judgment herein, so that it appears that if the District Court of Nolan County was empowered to act at all on April 7, 1909, it was by virtue of an Act approved on the 3d day of February, 1909, reorganizing the Thirty-second Judicial District at the regular session of the Thirty-first Legislature. (See General Laws, 1909, page 10.) By this Act the term of the District Court of Borden County, one of the counties of the reorganized district, was made to begin on the first Mondays in February and September each year, and might continue in session two weeks. The first Monday in February, 1909, was prior to the approval of the Act, to wit: on the first day of February, 1909. In Nolan County, another one of the counties of said district, the terms were made to begin on the sixth Monday after the first Monday in February and September, and might continue in session four weeks, and we have concluded that it was under the latter Act that the session of the District Court of Nolan County, at which the judgment was rendered, convened and was held.

"In view, therefore, of the public importance of an early disposition, and of the decisions hereinafter cited, we deem it advisable to certify to your Honors for determination the following questions:

"First. Is the said Act of the Twenty-first Legislature in contravention of section 7, article 5, of the Constitution of Texas, in that it failed to provide Borden County with two regular terms of the District Court for the year 1909?

"Or if not,

"Second. Was said Act of 1909 inoperative until such time as that thereunder each county in the District Court could hold two terms of court each year?"

"See Wilson v. State, 37 Crim. App., 373; Ex parte Murphy, 27 Crim. App., 492; Wilson v. State, 38 S. W., 624; Womack v. Womack, 17 Texas, 1; St. Louis & S. W. Ry. Co. v. Hall, 98 Texas, 480, and Pat Nobles v. The State, by the Court of Criminal Appeals yet unpublished."

Since the case of Womack v. Womack, 17 Texas, 1, it has been settled that "where an Act of the Legislature reorganizing two judicial districts was passed on the 18th of December, 1855, to take effect immediately, it was held that it did not take effect immediately, so as to affect a term of court which was held under the former law, commencing on the 24th day of December, 1855." But whether a term held under the old law as to the next or any succeeding county

would have been lawful is not decided in that case. But that is the question we have to decide here. In Wilson v. The State, 36 Texas Crim., 452, the old law provided that the District Court of Greer County should be held on the 8th Monday after the first Monday in February, which in 1895 would be April 1. Under the new Act (1895) the Spring Term of the District Court of Greer County should be held on the sixth Monday after the first Monday in February, which in 1895 would fall on the 18th day of March; and the Spring Term of Foard County should be held on the eighth Monday after the first Monday in February, which we have seen was in 1895, April 1. It was held that the old statute applied and the court was properly held in Foard County; and that the court was properly held on the 24th day of June.

Besides in the case of Ex parte L. W. Thompson, 57 Texas Crim., 437, from Howard County which involved the construction of the same statute as is in question in the case certified and now under consideration, the Court of Criminal Appeals held that a term convened in Howard County on the 15th day of February, 1909, was without authority of law and discharged the relator and remanded him to the custody of the sheriff of Howard County. It was held that because the Act of 1909 deprived Borden County of two terms of the court it should be construed as not intending such a result. The court therefore held that all the courts of the first circuit in such a case must be held under the old law. This opinion followed the opinion of the same court at the same term in the case of Pat Nobles v. The State, 57 Texas Crim., 307, in which a term of the court in Mitchell County under the same Act was under consideration and held that it was a valid term under the term prescribed in the old law.

This is an important question and one that is fraught with trouble. We therefore deem it best to acquiesce in the ruling of the Court of Criminal Appeals upon the point and therefore answer the first question, that insofar as the Act in question failed to provide Borden County with two terms of the District Court for the year 1909, it is without effect and leaves the Act of 1905 in force for the first circuit of the courts. In reference to the second question, we answer that we are of the opinion that the Act of 1909 was inoperative for the Spring and Summer term of the courts.