BUTLER et al. v. ANDREWS.

(Court of Civil Appeals of Texas. Ft. Worth June 15, 1912. Rehearing Denied Oct. 19, 1912.)

1. EVIDENCE (§ 82*)—PRESUMPTIONS IN FAVOR OF VALIDITY OF STATUTES.

Const. art. 5, § 7, provides that at least two terms of the district court shall be held in every year in each organized county. Acts 29th Leg. c. 9, provides that a term of court shall be held in Baylor county on the first Monday in February, which may continue in session six weeks, and that a term shall begin in Knox county on the sixth Monday after the first Monday in February, which, in 1911, was March 20th. Under Acts 32d Leg. c. 107, § 7, effective March 25, 1911, which changed the time of holding terms of court in the counties of the district, a judgment was rendered at a term held in Knox county, beginning August 14, 1911, and ending September 23d. Appellant claimed that, in order to give each county, including Knox county, two terms of court during 1911, it would be necessary to proceed throughout that year under the former act of 1905, leaving the act of 1911 inoperative until the next year. *Held,* that to obviate such effect it would be presumed, in absence of a contrary showing, that on March 25, 1911, when the last act became effective, the February term of court had been held in Baylor county, and that the March term of Knox county convened on March 20th, and had concluded its business before March 25th and adjourned, so that the act of 1911 was operative at the judgment term.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 104; Dec. Dig. § 82.*]

2. APPEAL AND ERROR (§ 219*)—GROUNDS OF REVIEW—PRESENTATION BELOW.

In the absence of a request at trial to file conclusions of law and fact, an assignment of error for refusing to file them will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1315, 1317–1320, 1322, 1323; Dec. Dig. § 219.*]

Appeal from District Court, Knox County; Jo. A. P. Dickson, Judge.

Action by Mrs. C. A. Andrews against R. E. Butler and others. From a decree for plaintiff, defendants appeal. Affirmed.

Jas. A. Stephens and W. N. Coombes, both of Benjamin, for appellants. H. G. McConnell, of Haskell, and E. B. Warren, of Knox City, for appellee.

DUNKLIN, J. Roy E. Butler and others have appealed from a judgment rendered against them in favor of Mrs. C. A. Andrews for the amount due upon a promissory note.

[1] The contention is made that the term of court during which the judgment was rendered was not authorized by law. The judgment was rendered by the district court of Knox county in the Fiftieth judicial district during a term which began August 14, 1911, and ended September 23, 1911. This term was held in obedience to an act of the Legislature, which was approved and became a law March 25, 1911. See Acts 1911, § 7, p. 214. By section 7, art. 5, of the Constitution of Texas, it is provided that at least two terms of the district court shall be held every year in each organized county of the state. The effect of appellants' contention is that, in order to give each county in the Fiftieth judicial district two terms of court during the year 1911, it would have been necessary to proceed during the remainder of that year under the former law, passed in 1905 (Acts 1905, p. 10), fixing terms of court for the different counties in that district, thus leaving the act of March 25, 1911, inoperative until the beginning of the year 1912, when it could be given effect without contravening the Constitution, citing in support of that contention Bowden v. Crawford, 103 Tex. 181, 125 S. W. 5. Two terms of court could have been held in 1911, under the terms of the last act after it became a law, in each of the following counties, to wit, King, Cottle, Motley, and Dickens, and one term in each of the other two counties composing the Fiftieth judicial district, namely, Baylor and Knox. By the act of 1905 it was provided that a term of court should begin in Baylor county on the first Monday in February, which might continue in session for six weeks, and that a term of court should begin in Knox County on the sixth Monday after the first Monday in February, which was March 20th. It must be presumed, then, that on March 25, 1911, the date of the last act, the February term of court had been held already in Baylor county, and that the March term of the court for Knox county had convened on March 20th, five days prior to the date of the new act. It must be presumed, further, that in changing the old régime and providing that the last act should become effective at once the Legislature acted advisedly, and that the term of court which had begun in Knox county five days prior to the passage of the act had concluded the business for that term, and had adjourned. No facts appear in the record which would controvert the presumptions mentioned; hence those presumptions will be given effect. 2 Sutherland, Stat. Const. § 497. Thus it appears that the act of 1911 became operative March 25, 1911, and that the term of court during which the judgment was rendered was authorized by law.

[2] By another assignment it is contended that the court refused to file "conclusions of law and fact, as requested by appellants";

but, as the record does not show that appellants presented such a request to the trial judge, the assignment is overruled. Hatton v. Bodan Lumber Co., 57 Tex. Civ. App. 478, 123 S. W. 163.

The judgment is affirmed.