## TEXAS MEXICAN RY. CO. v. DRISCOLL et al. (No. 6681.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 1, 1922. Rehearing Denied March 1, 1922.)

1. **Courts ⊚══63—Cause tried June 29, 1920, held within the jurisdiction of the district court of Jim Wells county.**

Cause tried June 29, 1920, *held* within the jurisdiction of the district court of Jim Wells county as against contention that act of Thirty-Seventh Legislature, changing the terms of the courts of different counties, was unconstitutional in that it deprived Duval county of two terms for the first year, since the court of Jim Wells county on June 29, 1920, was authorized to try the cause under either the old or the new law.

2. **Carriers ⊚══228(5)—Evidence held to prove negligence in confusing a shipper's cars with those of another.**

Evidence *held* to sustain finding that carrier was negligent in confusing a shipper's

---

cars with cars of another shipper containing cattle of an inferior grade.

Appeal from District Court, Jim Wells County; Hood Boone, Judge.

Suit by R. Driscoll against the Texas Mexican Railway Company and others. Judgment for plaintiff against named defendant, and it appeals. Affirmed.

Broeter & Ellis, of Alice, and Dodson & Smith, of Laredo, for appellant.

Perkins & Floyd, of Alice, and H. S. Bonham, of Beeville, for appellees.

FLY, C. J. This is a suit for damages to a shipment of two cars of cattle from San Diego, Tex., to Kansas City, Mo., instituted by R. Driscoll against appellant, Texas Mexican Railway Company, and the San Antonio & Aransas Pass Railway Company and C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company. The cause was submitted to a jury on special issues, and, based on the answers thereto, judgment was rendered that appellee recover nothing as to the last-named railway company and receiver, but that he recover against the appellant, the Texas Mexican Railway Company, the sum of $1,022.96.

Appellant was the initial carrier and received the cattle at San Diego, Tex., and placed them in two cars, one designated as W. O. A. 1331 and the other A., T. S. F. 57307. At the same time four carloads of cattle were received from J. B. Sutherland and were shipped with the same train. Appellee's cattle were consigned to Kansas, City, and Sutherland's to Fort Worth. It was alleged that two of the carloads of cattle that belonged to Sutherland were conveyed to Kansas City, while the two carloads of cattle belonging to appellee were delivered at Fort Worth and were sold as the cattle of Sutherland. Confusing the cattle was the sole ground of negligence alleged by appellee. The cattle of appellee were much more valuable than those of Sutherland. The evidence was conflicting, but there was sufficient evidence to justify the jury in the finding that appellant was guilty of negligence in putting the wrong numbers on cars containing the cattle of appellee. The evidence justified the amount of the verdict found by the jury.

[1] There is no merit in the contention that the judgment was not rendered at a legal term of the district court of Jim Wells county. This contention is made through four assignments of error, denominated fundamental error, each of them claiming that the district court did not have jurisdiction because a law of the Thirty-Seventh Legislature (chapter 8) had so changed the terms of the courts of the different counties as to deprive Duval county of two terms for the first year, and consequently the act was unconstitutional. It is claimed that the act changing the time of holding court in the Seventy-Ninth district, which should have become effective in June, 1921, really did not go into effect until January 3, 1922, as that was the earliest time that it could have effect and preserve two terms of court during the year for Duval county, one of the counties composing the district, and consequently the old law was in effect until that day was reached. Under the old law the district court of Jim Wells county would have begun on June 20, but under the new law it would have begun on June 13, 1921, and it was duly opened on the last-named date. The cause was tried, however, on June 29, 1920, when the court was authorized to try the cause under either of the laws, and consequently there was no lack of jurisdiction. The so-called fundamental errors are overruled. The Supreme Court, in Bowden v. Crawford, 103 Tex. 181, 125 S. W. 5, in passing on a similar law, held that the law was constitutional, but did not go into effect until each county would get its constitutional two terms for each year. The Supreme Court decided that the court in question properly held its first term under the old law. There was no other law under which the June term of the district court of Jim Wells county could be held, and this cause was tried during the time prescribed under the old law.

[2] As hereinbefore stated, there is sufficient evidence upon which to base a finding that the two carloads of cattle belonging to appellee had numbers put on them which should have been put on cars containing a portion of Sutherland's cattle, and that appellee was damaged thereby in the sum found by the jury. Sutherland swore that he telegraphed and ascertained the two loads of cattle belonging to appellee were shipped in his (Sutherland's) name and were left at Fort Worth and sold as his cattle. Sutherland got the amounts for which his cattle sold in Kansas City, and appellee got the amount for which his cattle sold at Fort Worth. He would have received an amount for the cattle in Kansas City equal the amount received in Fort Worth plus the amount found by the jury. The billing of the cattle was negligently made out by appellant's agents at San Diego. Horace Wilson, the cattle salesman in Fort Worth who handled Sutherland's cattle, swore that two loads of the cattle that he sold in Fort Worth belonged to appellee. Negligence was shown in handling the cattle, and the testimony is sufficient to fasten it on appellant.

The judgment is affirmed.