## ENGELMAN v. ANDERSON et al. [*]
### (No. 6780.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 13, 1922. Rehearing Denied Nov. 8, 1922.)

1. **Judgment** ⟐11—**Rendered after expiration of term held void.**

Judgment of district court of the Seventy-Ninth district created by Acts 34th Leg. (1915) c. 48, § 2 (Vernon's Ann. Civ. St. Supp. 1918, art. 30, subd. 79), rendered on April 14, 1921, held void where the cause was not tried at a special term, nor under an order extending the former term, since under such statute the term expired April 10th, and Acts 37th Leg. (1921) c. 8, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 30, subd. 79), extending the term to May 1st, had not taken effect.

2. **Statutes** ⟐251—**Statute prescribing terms for Seventy-Ninth judicial district court held not to have taken effect until 1922, notwithstanding emergency clause.**

Acts 37th Leg. (1921) c. 8, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 30, subd. 79), purporting to change the time of holding court in the Seventy-Ninth district, though it contained an emergency clause, did not become

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused January 3, 1923.

effective upon its passage on February 2, 1921, but did not take effect until 1922, since it operated to deprive Duval county of the spring term provided for in Acts 34th Leg. (1915) c. 48, § 2 (Vernon's Ann. Civ. St. Supp. 1918, art. 30, subd. 79), repealed by such statute, thus giving it only one term for the year 1921, in violation of Const. art. 5, § 7.

### 3. Judgment ☞25—Void judgment not validated by subsequent enactment of statute.

Where judgment was void because not rendered during the term, the subsequent enactment of curative act (Acts 37th Leg. First Called Sess. 1921, c. 5, § 1 [Vernon's Ann. Civ. St. Supp. 1922, art. 30, subd. 79]) did not validate the judgment.

Error from District Court, Hidalgo County; Hood Boone, Judge.

On motion for rehearing. Motion granted, order affirming judgment of lower court set aside, and appeal dismissed.

For former opinion, see 243 S. W. 728.

Graham, Jones, Williams & Ransome, of Brownsville, for plaintiff in error.

Seabury, George & Taylor, of Brownsville, for defendants in error.

SMITH, J. This appeal was from a judgment rendered in the district court of Hidalgo county, in the Seventy-Ninth judicial district, on April 14, 1921. This judgment was ordered affirmed by this court at its last term (243 S. W. 728), the original motion for rehearing was overruled, and appellant has filed a second motion for rehearing, which will now be considered.

[1] The Seventy-Ninth judicial district, embracing Hidalgo county, was created by the act of March 12, 1915 (General Laws Reg. Sess. 34th Leg. p. 90, § 2 [Vernon's Ann. Civ. St. Supp. 1918, art. 30, subd. 79]), which provided that the spring term of the district court of Hidalgo county should convene on the third Monday after the first Monday of February in each year, and might continue in session six weeks. Under this provision that court would have convened on February 28, 1921, and could have continued in session until April 10. This cause was not tried at a special term, nor under an order extending any former term, and, as the judgment was rendered on April 14, 1921, it is obvious that it was not rendered at a term of court provided for in the act mentioned. Unless the term of court at which this judgment was rendered was held under the provisions of an act other than that of the Thirty-Fourth Legislature, above mentioned, then that term of court was not authorized by law, and the judgment here appealed from is void.

The Thirty-Seventh Legislature, by the act of February 2, 1921 (Gen. Laws, Reg. Sess. p. 10, § 1 [Vernon's Ann. Civ. St. Supp. 1922, art. 30, subd. 79]), designed to change the time of holding court in the Seventy-Ninth district, provided that the spring term of the district court of Hidalgo county should convene on the second Monday after the second Monday in February each year, and might continue in session nine weeks. According to this provision, that court would have convened on February 28, 1921, and could have remained in session until May 1. So, if the act was valid and in effect at that time, the court was legally in session on April 14, 1921, when this judgment was rendered. Appellant does not make the point that the act in question was not in effect at the time this judgment was rendered, but does contend that it was invalid, upon the ground that under its provisions the county of Duval, which is also embraced in the Seventy-Ninth judicial district, was deprived of one of the two terms of court guaranteed to it each year under the provisions of the Constitution. Const. § 7, art. 5. This contention will now be considered.

[2] The act of 1921 provided that the court therein provided for should convene in Duval county on the fifteenth Monday after the second Monday in February of each year, and may continue in session two weeks, and on the first Monday in January of each year, and may continue in session two weeks, thus providing for only one term of that court for the year 1921. The act contained the emergency clause, whereby it became effective upon its passage, on February 2, 1921, and further provided for the repeal of the act of 1915, thus operating to deprive Duval county of the spring term provided for in the latter act, and giving it only one term for the year 1921, in contravention of the constitutional provision. This condition operated to postpone the time the act would go into effect until by such operation it would enable Duval county to have its two terms of court in each year thereunder, which would be 1922. The result is that the act of 1921 was not in effect at the time this judgment was rendered, and the term of court in question, in Hidalgo county, was without authority of law, thus rendering the judgment void. Bowden v. Crawford, 103 Tex. 181, 125 S. W. 5; Nobles v. State, 57 Tex. Cr. R. 307, 123 S. W. 126.

[3] The difficulty resulting from this confusion was sought to be remedied by the act of August 14, 1921 (Gen. Laws 1st Called Sess. 37th Leg. p. 7, § 1 [Vernon's Ann. Civ. St. Supp. 1922, art. 30, subd. 79]), wherein provision was made for a special term of the Duval court. This was long after this judgment had been rendered, and the mischief done, however, and the act of the subsequent session could not serve to vitalize the void judgment.

The motion for rehearing will be granted. The order affirming the judgment of the court below will be set aside, and the appeal will be dismissed at the cost of appellees.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes