N. P. EDGAR v. THE STATE.

No. 6578.   Decided November 14, 1923.

1.—Aggravated Assault—Jurisdiction—Constitutional Law.

Construing Section 7, Article 5, of our Constitution, the courts of this State have uniformly held that each county in the State is entitled to at least two terms of its District Court each calendar year.   Following Smith v. State, 140 S. W. Rep., 1097, and other cases.

2.—Same—Jurisdiction—Term of District Court.

Where the Act of the Legislature, if effective, operated to deprive Duval County of the December Term, 1921, of its District Court, to which said county would have been entitled under the law operative at the time the amendment was passed, as guaranteed by the Constitution, the District Court affected should operate under the former law until the end of the current or circuit year, and where the District Court below convened at the time fixed by the new law and thus denied Duval County its right under the Constitution to two terms of the District Court for the year 1921, the judgment of conviction was void, because the court was without jurisdiction.

Appeal from the District Court of Jim Wells.   Tried below before the Honorable Hood Boone.

Appeal from a conviction of aggravated assault; penalty, a fine of $300.

The opinion states the case.

1

*Broeter & Ellis* and *Perkins & Floyd,* for appellant. Cited, Felker v. Hyman, 135 S. W. Rep., 1128; Ex parte Murphy, 11 id., 487; Prescott v. Linsey, 12 id., 1128; Womack v. Womack, 17 Texas 1; Ex parte Thompson, 123 S. W. Rep., 612; Pecos River Rye Co. v. Reynolds, 135 S. W. Rep., 162; Bowden v. Crawford, 125 S. W. Rep., 5; Lemons v. State, 128 S. W. Rep., 423; Nobles v. State, 123 Id., 126.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—From a conviction of aggravated assault in the District Court of Jim Wells County, this appeal was taken.

Appellant was put upon trial for assault to murder in the District Court of Jim Wells County at its June term 1921, and his conviction for aggravated assault followed with punishment fixed at a fine of $300 and ninety days in jail.

But one question raised needs discussion. Appellant asserts that the Act of the Thirty-Seventh Legislature, Chapter 8, Acts Regular Session, was wrongfully held to be in operation on June 13, 1921, the day of the convening of the trial term of the court below,—and that his conviction at such term was null and void because the court was without jurisdiction to try him or to render judgment. The ground of his contention is that the operation of said Act necessarily denied to Duval County, one of the counties of the Seventy-ninth Judicial District, its right under the Constitution to two terms of the district court for the year 1921. The object and purpose of the Act under consideration was to change the time of holding courts and to fix terms for the District Courts in the various counties of the Seventy-ninth Judicial District.

Construing Section 7 Article 5 of our Constitution, the courts of this State seem uniformly to have held same to entitle each county in the State to at least two terms of its District Court each calendar year. Womack v. Womack, 17 Texas, 1; Graves v. State, 6 Texas Crim. App. 228; Nobles v. State, 57 Texas Crim. Rep., 307, 123 S. W. Rep. 126; Ex parte Thompson, 57 Texas Crim. Rep., 437, 123 S. W. Rep. 612; Bowden v. Crawford, 103 Texas 181, 125 S. W. Rep. 4; Smith v. State, 63 Texas Crim. Rep., 183, 140 S. W. Rep. 1097. Chapter 48, Acts Regular Session, Thirty-fourth Legislature, gave to Duval County a term beginning in May and another beginning and ending in December of each year. Amending the above, Chapter 8, Acts Regular Session, Thirty-seventh Legislature, changed the time of holding the courts of the counties comprising said judicial district as fixed by the former Act of the Thirty-fourth Legislature. The latter Act was approved February 2, 1921, but lacking the necessary votes to put it into immediate effect, became effective June 11th, same being ninety days after legislative adjournment on March 12th. By this

latter Act the December term of the Duval County District Court was abolished or changed so as to begin and end in January. This Act, if effective, operated to deprive Duval County of the December term 1921 to which said county would have been entitled under the law operative at the time the amendment was passed. No January term of District Court 1921 having been held in said county because not then provided by law, and no December term being given under the law as amended, this, as we have above observed, deprived Duval County of one of the two terms of District Court for the year 1921, guaranteed by the Constitution. We have uniformly held that in such case the courts of the district affected should operate under the former law until the end of the current or circuit year. See authorities above.

There being no question but that the trial term of the court below convened at the time fixed by the new law, and that for the reasons above stated it was without authority to convene at said time or to act in the premises, we are compelled to give effect to the holdings of this court and to declare the trial court without jurisdiction to then convene or to act in the case before us. The fundamental character of this question seems not to have been controverted. In Ex parte Thompson, *supra,* this court granted a writ of *habeas corpus* to one confined in the penitentiary under a conviction and judgment rendered under circumstances similar to those here presented, and directed the discharge of the relator. A lack of jurisdiction to hear and decide a case in the same district under operation of the new law, has been decided by the Honorable Court of Civil Appeals at San Antonio in Engleman v. Anderson, et al., 244 S. W. Rep., 650.

For the reasons above given the judgment will be reversed and the cause remanded.

*Reversed and Remanded.*