### WILLIE SIMS V. THE STATE.

No. 23718. Delivered January 28, 1948.

*W. W. Holland,* of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, *Kellis Daniel, E. B. Duggan,* and *E. T. Branch,* Assistant Criminal District Attorneys, all of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The offense is rape. The punishment is death.

The questions presented for review render unnecessary a statement of facts further than to say that appellant raped the prosecutrix by force, while exhibiting a pistol and threatening her with death. The facts warranted the infliction of the death penalty.

It is insisted that the judgment of conviction is null and void because it was rendered while the trial court was in vacation and not lawfully in session.

The Criminal District Court No. 2 of Harris County, the court in which this case was tried, was created by an act of the Legislature in 1927, the same being chap. 24, Acts Regular Session of the Fortieth Legislature, and appearing as Art. 52-158, Vernon's Code of Criminal Procedure. Sec. 6 of the Act provides for four terms of court each year for the trial of cases, beginning on the first Monday in May, August, November, and February of each year. Each term was to continue until the business was disposed of. The effective date of the Act was January 1, 1928.

The record reflects that appellant was tried and convicted in January, 1947, at a term of court convening on the first Monday in November, 1946, and which adjourned on the 1st day of February, 1947.

If we understand appellant's position, it is that the Act, in providing for four terms of court in each year, means four terms in each calendar year—that is, from January 1st of one year to January 1st of the next consecutive year, and that by reason thereof the court was expressly limited to four terms in each calendar year. In other words, the term of court convening in November, 1946, was required to adjourn on December 31, 1946, in order that there might not be five terms of court in session during the calendar year 1947. Appellant insists, by this reasoning, that the court was not in session during the month of January, 1947, and that he was therefore convicted at a time when court was not lawfully in session.

There is no question but that a conviction at a term of court not authorized by law is a nullity. Ex Parte Thompson, 123

S. W. 612, 57 Tex. Cr. R. 437, Ex Parte Jones, 111 S. W. (2d) 267; 133 Tex. Cr. R. 402.

We are not here dealing with a statute fixing the beginning and adjournment of the several terms of court. Here, the Act provides only for beginning of the terms of court, which were authorized to continue in session until the business is disposed of.

In Norwood v. State, 135 Tex. Cr. R. 406, 120 S. W. (2d) 806, there appears this language, viz.:

"We are inclined to the view that where an order for a special term of court for a county is made and no adjourning date is fixed, but it does not appear clearly from the order itself that said special term was intended to overlap a regular term that said special term would terminate by operation of law when the time for convening the regular term in said county arrived."

While we are not here dealing with an extension of a term of court or of a special session of court, yet the reasoning is the same—which is that, in the absence of express provision for the adjournment of a term of court provided under the Act, same was authorized to remain in session until the convening of the succeeding regular term.

It follows, therefore, that the November term, 1946,, of the Criminal District Court No. 2 of Harris County was lawfully in session during the month of January, 1947, and that appellant's contrary contention is overruled.

Neither bills of exception nor motions in limine appear in the record.

By motion for new trial, appellant claims certain irregularities in the selection of the grand as also the petit jury. No facts were introduced attesting these allegations. Mere allegations in a motion of new trial do not establish as a fact the allegations. There is nothing, therefore, to show that the grand and petit juries were subject to the defects or irregularities claimed.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.