## EX PARTE J. O. CURRY

No. 25640. December 12, 1951.

Hon. John F. Sutton, Judge Presiding.

*William E. Davenport,* San Angelo, for relator.

*Earl W. Smith,* District Attorney, San Angelo, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is an application for writ of habeas corpus brought by relator, who is being held by the sheriff of Tom Green County under a mandate from this court. Relator was convicted by the 51st Judicial District Court of Tom Green County of the offense of murder upon an indictment returned by the grand jury of said court called at the June term 1949. This conviction was affirmed by this court (Page 379 of this volume), 242 S. W. (2d) 421. Relator, for the first time by this proceeding, seeks to raise the question of the validity of the indictment, contending that it was returned by a grand jury of an unauthorized term of said court.

The question herein presented is: When does an act of the legislature changing the terms of a court become operative?

For some time prior to 1949, the statute controlling the terms of court to be held by the 51st Judicial District Court provided that the terms in Tom Green County should commence on the

first Monday in January and June of each year. Article 199 (51), R.C.S. (Acts 1943, 48th Leg., p. 478, ch. 319).

The 51st Legislature, in session in 1949, passed an act which became effective on May 27, 1949, which, among other things, changed the terms of court for the 51st Judicial District so that the second annual term of court in Tom Green County should begin on the second Monday in May instead of the first Monday in June, as had been required under the old law. (Acts, 51st Leg., p. 492, ch. 258, par 1.)

Irrespective of the above, the Honorable J. F. Sutton, Judge of said Court, convened a term of said court in Tom Green County on the first Monday in June, which was on June 6, 1949, and designated the same the June term, during which term the indictment against the relator was returned.

Chief Justice Gaines, when writing on the same question for the Supreme Court in Bowden et al v. Crawford, 125 S. W. 5, said, "This is an important question, and one that is fraught with trouble."

We have searched the many decisions of this court and the supreme Court and have concluded that the fact situation in Ex parte Murphy, 27 Tex. App. 492, 11 S. W. 487, is more nearly identical with the facts in the case at bar. There, under the old law (Acts, 1885), the spring term of the district court of Karnes County would have begun on the fifth Monday after the first Monday in March, 1889, which fell on the eighth day of April of that year. The legislature then in session passed an act which became effective on the second day of April, 1889, changing the beginning of the spring term of court in said county to the fourth Monday in March, which date, as in the case at bar, had already passed. The court in that case, as in this case, went ahead and convened his court on the eighth of April under the old law.

The Court of Appeals, in passing on the legality of a conviction secured at this term, said: "Notwithstanding the emergency clause in said act of April 2d, we feel justified in holding that it was not the legislative intent that said act should immediately take effect, but that it should become operative only at a time when it would not deprive any county in the district of two terms of court. In this view we are sustained by Womack v. Womack, 17 Tex. 1, and Graves v. State, 6 Tex. App. 228,

which decisions are in point, and, we think, conclusive of the question in this case. We therefore conclude that the act of April 2, 1889, is constitutional, but that it does not take effect, so as to interfere with the holding of the district courts in said district, until said courts can be held at the dates therein fixed without depriving any county in said district of two terms of said court during the present year. The judgment remanding appellant to the custody of the sheriff is affirmed."

An examination of the statement of facts reveals that Judge Sutton convened a regular term of the 51st District Court in Coke County on June 13, 1949, which was the second Monday in June, as provided by the new law. Appellant contends that this act reflects an inconsistent policy on the part of said court. To us, however, it reflects a strict compliance with the rule announced by the many decisions on the question and exemplified by the opinion in the Murphy case supra.

Had Judge Sutton followed the mandate of the legislature and immediately put the statute in force in his district in accordance with the emergency clause thereof on May 27, 1949, he would have deprived Tom Green County of two terms of court for the year of 1949 contrary to the provisions of Article 5, Section 7, of the Constitution.

June 13, 1949, was the first moment following the passage of the new law when he might put the same into effect in his district and still have insured two terms of court in each county therein.

Having convened the June term of his court in Tom Green County under the old law, as we have seen was properly done, the same continued as a valid term until it would have expired under the old law, as will be seen by the proviso of the 1949 Act.

Relator calls our attention to St. L.S.W. Ry. Co. of Tex. vs. Hall, 98 Tex. 480, 85 S. W. 786, wherein the Texas Supreme Court held the newly created 62nd Judicial District a valid one, even though the act provided for only one term for Delta County. This case passed upon the validity of an act creating a court, while Bowden vs. Crawford, supra, by the same court some years later, dealt with the identical question at bar; i.e., when should an act changing the terms of court be put into effect, and the Bowden case is controlling herein.

The relief prayed for is denied.