

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 31, 1957

Honorable Joe L. Cox
District Attorney
64th Judicial District
Hale County Courthouse
Plainview, Texas

Opinion No. WW-197

Re: Effective date of H.B.
438, 55th Legislature,
concerning the reor-
ganization of the 64th
Judicial District, and
creating the 154th
Judicial District.

Dear Mr. Cox:

You have requested an opinion as to the effec-
tive date of House Bill No. 438, page 1476, Acts
1957, 55th Legislature, Regular Session.

House Bill No. 438 in effect amends subdivision
64 of Article 199, Vernon's Civil Statutes, so as to
create an additional judicial district, the 154th,
out of the six counties now composing the 64th Judi-
cial District.  Under the law now in effect (Acts
1947, 50th Legislature), the 64th Judicial District
is composed of the Counties of Hale, Lamb, Swisher,
Bailey, Parmer and Castro.  Under House Bill No. 438,
the 64th Judicial District will be composed of Hale,
Swisher, and Castro Counties; the 154th Judicial
District will be composed of Lamb, Bailey and Parmer
Counties.  House Bill No. 438 also provides that the
present judge of the 64th District Court will become
the judge of the new 154th District Court; while the
district attorney of the 64th Judicial District will
remain as the district attorney of the 64th Judicial
District.  The Goveriuer will appoint a judge for the
64th District Court, and a district attorney for the
new 154th Judicial District.

Section 12 of House Bill No. 438 states:

"The effective date of this Act shall
be September 1, 1957."

From the brief submitted by you, it appears
that the facts involved are stated in the three
following paragraphs:

If House Bill No. 438 should become effective on September 1, 1957, then Swisher County in the 64th District as reconstituted would have only one term of court in 1957, that is, the March term, which was convened under the present law (Acts 1947) for the new terms provided for Swisher County will commence on the first Monday in February and August, both of which are prior to the effective date of House Bill No. 438, as provided in the Bill. The September term, as provided by the present law (Acts 1947), would be abolished.

Likewise, in the new 154th District, Bailey County would have only one term of court in 1957, the March term; since its November term would be abolished by the bill, and its new terms under House Bill No. 438 also occur in February and August, prior to September 1, 1957.

Hale County, in the 64th District, has already convened two terms of court, in January and July. Castro County, in the 64th District, has had one term, which was convened in May, and while its September term would be abolished, the bill would give it a term in October, which would make the required two terms. Lamb County, in the 154th District, has already convened one term of court in February, and will have one more term in August, all prior to September 1, 1957. Parmer County, in the 154th District, has had one term of court under the 64th District Court in April, and under the bill would have a September term under the 154th District Court.

The questions to be decided are:

1. What is the effective date of the Act creating the new 154th District Court, and changing the 64th District Court so as to take away from it the Counties of Hale, Swisher and Castro?

2. Since Swisher County in the 64th District and Bailey County in the new 154th District will each have only one term of court during the calendar year under the terms of House Bill 438, what are the dates for the terms of Court in said two counties in order that each court will have two terms of court during the calendar year 1957?

Article V, Section 7 of the Constitution of Texas provides in part as follows:

"The State shall be divided into as
many judicial districts as may now or
hereafter be provided by law, which may
be increased or diminished by law.  For
each district there shall be elected . . .
a Judge, . . . He shall hold the regular
terms of his Court at the County Seat of
each County in his district at least twice
in each year in such manner as may be pre-
scribed by law.  The Legislature shall
have power by General or Special Laws to
make such provisions concerning the terms
or sessions of each Court as it may deem
necessary."  (Emphasis added)

Section 1, Article 1919, V.A.C.S. reads in part
as follows:

"All district courts in this State,
. . . whenever and however created, shall
hold at least two (2) terms of court per
year in each county wherein they sit . . ."

Numerous authorities are cited by you which
construed Acts changing the terms of various district
courts.  All of these decisions are of the same tenure
and holding as the following statement contained in
11 Tex. Jur. p. 803:

"When a law, if construed as operative
from the date it became effective, would
deprive a court of one of the two terms
guaranteed, it is uniformly held that the
Court should operate under the former law
until such time as the new enactment may
validly go into effect.  This does not mean
that there may not be a valid provision
for more than two terms of the District
Court, but merely that there must be at
least two."

Among the decisions cited by you and which hold
as set out above are the following:

Ex parte Murphy, 27 Tex. Crim. 492, 11 S.W.
487 (Texas Court of Appeals, 1889); Nobles v. State,
57 Tex. Crim. 307, 123 S.W. 126 (1909); Ex parte
Thompson, 57 Tex. Crim. 437, 123 S.W. 612 (1909);
Bowden et al v. Crawford, 103 Tex. 181, 125 S.W. 5

(1910); Edgar v. State, 96 Tex. Crim. 1, 255 S.W. 748 (1923); Engleman v. Anderson, et al, 244 S.W. 650 (Civ. App. 1922, error ref.); Ex parte Curry, 156 Tex. Crim. 499, 244 S.W. 2d 204 (1951).

It will be noticed that none of these cases involves the effective date of an Act creating a Court which did not provide two terms of court during the calendar year that the court was created and became effective. Such cited cases involve the matter of changing the terms of district courts and the effect of such changes where the county was deprived of two terms of court.

As we view the matter, there is quite a difference between (1) an Act which changes the terms of a particular court, and (2) an Act which creates a new court and provides for the terms of such court. It is to be noticed that Section 1 of the Act provides that after the effective date the 154th District is created to be composed of the Counties of Lamb, Bailey and Parmer, and that Section 2 provides that after the effective date of the Act, the 64th District is to be composed of the Counties of Hale, Swisher and Castro. It is to be noticed from these sections that the 154th District is "created" while the effect as to the 64th District is merely to drop Lamb, Bailey and Parmer Counties from that District, or as stated in the caption and body of the Act, it is "reorganized".

The Legislature may create a court and provide for its effective date although the Act creating the court may not provide for any term of court. (As we will see later, the Judge may call a special term at any time). In St. Louis S.W. Ry. Co. of Texas v. Hall, 98 Tex. 480, 85 S.W. 786 (1905), the court construed an Act of the Legislature in which a new court was created, and placed Delta County in this new District and specifically provided that said court should hold only one term of court each year in Delta County. (Delta County was also in another District which had two terms each year in Delta County). An attack was made on the validity of this court because the Act creating it did not provide for two terms each year. In upholding the validity of the Act, the Court said:

"The provision most relied on is that fixing a time for the holding of only one term of the court in Delta County, which

is assailed as being in conflict with section 7, art. 4, of the Constitution. That section provides for the division of the state into districts, and the selection of a judge, whose qualifications and salary are fixed, and who is required to 'hold the regular terms of his court at the county seat of each county in his district at least twice in each year in such manner as may be prescribed by law.' It also empowers the Legislature to provide for the holding of more than two regular terms per year and of special terms. Much that is essential to the existence of the courts is thus prescribed by the Constitution itself, while some of the things needed to bring them into active operation are to be provided by the Legislature. The districts must be formed and the times for holding the courts prescribed by legislation, and without these there is no court authorized to exercise the jurisdiction defined by the Constitution. The contention here is that, although the Legislature has defined the territory to compose the district, and has fixed times for holding the court twice a year in two of the counties, and once a year in the third, it has not done enough to authorize the appointment of a judge and the holding of court, because of the omission to provide for a second term in each year in the third county. To us, this contention seems to mistake the nature of the provision for two terms, by treating it as an inhibition of any provision for one term. As terms of courts cannot be held until times are prescribed by law, it is plainly the duty of the Legislature to make such provision. But this is an affirmative command, and not a prohibitory provision. The courts have no power to enforce the performance of this duty in whole, and, in our judgment, have as little right to strike down, as unauthorized, a performance of it in part, merely because the Legislature has not gone as far as the Constitution may require. When the Legislature has provided for one term in a county, it has not done a thing prohibited or unauthorized by the Constitution, but has done a part of that which the Constitution commands it to do.

If there had been no judicial districts
when the Constitution was adopted, and the
Legislature, in forming them, had provided
for only one term of court in each county
in the state, can it be true that the people
would have been deprived of courts because
the provision made stopped short of that
intended by the Constitution?  If the Legis-
lature in session in January should form a
new district or add a county to an existing
district, and provide for a term of court in
March, and, after that had been held, the
Legislature, being still in session, should
further provide for another term in the same
county in September, we suppose no one would
say that the courts could not legally be held
under this authority, or that its proceedings
would be void.  Yet to that proposition we
would inevitably be led by adopting the con-
tention that, to the construction of a valid
district and a lawful court, antecedent
provision for two terms a year in each county
of the district is essential.  If the Legis-
lature, in forming a district, by oversight
fails to provide for one of the regular terms
in one of the counties, or, in attempting to
so provide, employs such uncertain language
that the time cannot be legally ascertained,
would it not be unreasonable in the extreme
to hold that the whole act, the court, and all
of its proceedings are to be treated as if
they had never been?  We cannot yield our
assent to a doctrine leading to such conse-
quences.  In our opinion, provision made by
the Legislature for one term of a court a
year is within the authority conferred and
is a partial performance of the duty imposed
by the Constitution; and, if it be true that
this is not the full measure of such duty,
that does not authorize the courts to say that
it is not within the authority. . . .  We
are of the opinion that the statute organizing
the court a quo is constitutional in its pro-
visions establishing the court in all of the
three counties, and that the court had juris-
diction to try this cause and render the judg-
ment appealed from, which makes it necessary
that we consider the grounds urged in support
of the writ of error."

Practically every Legislature creates one or more District Courts and in each Act in nearly every instance provides that it shall become effective on September 1st, and in most instances only one term of court is provided for the remainder of the calendar year during which the court was created.  For example, in House Bill 81 of the Regular Session of the 55th Legislature page 721, Acts of 1957, a Court was created for Travis County effective September 1, 1957.  The Act provides for four terms each year beginning on the first Mondays of January, April, July and October.  We see that this new court will have only one term of court during the calendar year 1957.  Can it be said that the creation of this Court will not have effect until the first Monday in January merely because it can only have one term of court during the calendar year 1957?  We believe not.  The same is true with the new 154th District Court created for three counties which have been taken from the 64th District and placed in the new 154th District.

In addition to the above, the caption of the Act provides an effective date.  Section 12 of the Act provides that the effective date is September 1, 1957. The so-called emergency clause only calls for suspending the three day rule and does not provide for immediate effect under an emergency, but is to be in effect after its effective date as provided in the Act.

In view of the above, it is our opinion that the effective date creating the 154th District and changing or reorganizing the 64th District as provided in the Act under question is September 1, 1957.

The next matter to be considered is the effective date of the terms of court in each district.  The facts pertaining to the terms that will exist if the Act is effective September 1st have already been noticed. Only Swisher County in the 64th District and Bailey County in the 154th District present any question as to when the terms of court should be held.  Since Swisher and Bailey Counties have no terms during the calendar year 1957 after September 1st under the new Act, we believe that if it is desired to hold terms of court in those two counties after September 1st and before January, by analogy the rule above set out pertaining to the statutes changing the terms of court may well be followed; that is, each court may operate under the former law as to the terms of court until such time as they can have two terms each year under the new Act.

We say this for the reason that the effect of the new Act is merely to change the terms of court in Swisher County in the 64th District, and since Bailey County is not in any District other than the 154th under the new Act, we believe that it can logically be said that the practical effect of the new Act is also to change the terms of court in Bailey County.

We realize, however, that this is a difficult question, and we suggest that if it should be desired to hold a term in Bailey County after September 1st and before the first Monday in February, the court could meet on the first Monday in November as provided by the old law, and also call a special term to coincide with the old term of the first Monday in November. (Article 1920 V.A.C.S. authorizes the calling of special terms). If this is done, then any action taken by the court should be legal. If the old term should not be valid, the special term will certainly be valid.

As to Swisher County in the 64th District, the court can follow the same procedure by having a regular term the first Monday in September and by calling a special term to coincide with it.

This is our answer to the second question.

## SUMMARY

The effective date of House Bill 438, 55th Legislature creating the 154th Judicial District and reorganizing the 64th District is September 1, 1957.

In having terms of court in Swisher and Bailey Counties during the calendar year of 1957, the old law as to terms of Court in those Counties should be followed and special terms should be called to coincide with such regular term.

Yours very truly,

HGC:jas
APPROVED
OPINION COMMITTEE
James N. Ludlum, Chm.

REVIEWED FOR THE
ATTORNEY GENERAL BY:
Geo. P. Blackburn

WILL WILSON
Attorney General of Texas

By

H. Grady Chandler
Assistant