

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 1, 1947

Hon. A. O. Willman
Veterans' State Service Office
Land Office Building
Austin 14, Texas

Opinion No. V-294

Re: Status of Vet-
erans' State
Service Office
under H.B. 18,
50th Legis., es-
tablishing a
Veterans' Af-
fairs Commission.

Dear Sir:

Your statement and request for an opinion are in part as follows:

"On June 12, 1947, Governor Beauford Jester signed House Bill No. 18, which creates a Commission of Veterans Affairs. This bill was passed in the House with 112 votes and in the Senate with 23 votes, making the law immediately effective upon the Governor's signature.

"Section 11 states in part 'It is the intent and purpose of this Act that the functions heretofore performed by the State Service Office of the State of Texas shall be absorbed by the Veterans' Commission, as created herein.'

"We also quote Section 12 of the Law: 'Appropriations. At such time as the functions and services now performed by the Veterans' State Service Officer, are taken over and absorbed by the Veterans' Affairs Commission hereby created, then all unexpended balances in all funds heretofore and hereafter appropriated to the Veterans State Service Office are hereby reappropriated to the Veterans' Affairs Commission, to be expended in accordance with the provisions of the departmental

appropriations bills, making the appropriation to the Veterans' State Service Office provided that the Veterans' Affairs Commission shall have the authority to change within the total amounts appropriated herein the designation of service officers and assistant service officers and their reassignment to cOnform with any changes in the location of Veterans Administration regions, veterans hospitals, and similar establishments, and be it further provided that the assistant service officers designated in the available appropriation may be authorized to handle any and all veterans claims as ordered by the Veterans' Commission.'

"QUESTION:  Is it possible to spend any amounts in the name of the Veterans State Service Office for salaries, travel, supplies, etc.

"QUESTION:  Will it be possible for employees of the present Veterans State Service Office to be paid salaries in the name of the Veterans Affairs Commission, and if so, who will be the authority responsible for signing payrolls, requisitions, etc."

House Bill 18 of the 50th Legislature created the Veterans' Affairs Commission of the State of Texas and provides for its membership, duties, expenses and Director.

Sections 11 and 12 of said bill read in part as follows:

"Intent.  It is the intent and purpose of the Act that the functions heretofore performed by the State Service Office of the State of Texas shall be ab-sorbed by the Veterans' Affairs Commission, as created herein.

"Sec. 12.  Appropriations.  At such time as the functions and services now performed by the Veterans' State Service Of-

ficer are taken over and absorbed by the Vet-
erans' Affairs Commission hereby created,
then all unexpended balances in all funds
heretofore and hereafter appropriated to the
Veterans' State Service Office are hereby
reappropriated to the Veterans' Affairs Com-
mission . . ." (Emphasis supplied)

It is clear from the above wording of the stat-
ute that the Legislature did not intend, upon H. B. 18 be-
coming law, that the Veterans' State Service Office would
be immediately abolished. It is manifest from the language
of the Act that the intention was that the Veterans' State
Service Office would continue to function until H. B. 18
could become operative, at which time the old agency would
be absorbed by the new. In the absence of any direct judi-
cial interpretation of the language under construction,
the use of the words in their normal sense would seem to
afford the best guide to the legislative intent. In this
regard, Words and Phrases, Vol. 1, p. 166 defines "absorb"
as follows:

"To join together, to coalesce, to unite.
Roget in his Thesaurus classifies the word
'combine' as synonymous with or belonging
to the same class as unite; incorporate;
amalgamate; absorb; blend; merge; fuse;
centralize; melt into one; to put together;
to lump together . . ."

Using this interpretation as a standard it is obvious that
the Legislature meant that the Veterans' State Service Of-
fice would continue in existence until, from a standpoint
of practicability, it could be fused with the Veterans' Af-
fairs Commission.

39 Texas Jurisprudence, Sec. 69, p. 132, states
the rule as follows:

"In construing a repealing clause, the court
will be governed by the ordinary rules of
statutory interpretation. It will endeavor
to ascertain and give effect to the legisla-
tive intent."

59 Corpus Juris, Sec. 568, p. 948 thus
states it:

"The fundamental rule of construction, to which all other rules are subordinate, is that the court shall, by all aids available, ascertain and give effect, unless it is in conflict with constitutional provisions, or is inconsistent with the organic law of the state, to the intention or purpose of the legislature. . ."

An analogous situation was presented in an instance where the Legislature -- as it has done on repeated occasions -- passed a law that became operative, not at the time of the passing of the bill, but at a reasonable future date. In the Texas case of Chambers v. Baldwin, 274 S. W. 1011, the court said:

"The Legislature is free to fix in each act the time it shall take effect and may provide that it shall take effect in whole or in part from its passage, approval, or at a fixed date. . . The power to create necessarily includes the power to create in whole or in part and to take effect as determined at an immediate or deferred time."

This principle was also followed in the Texas case of Ex Parte Murphy, 11 S. W. 487 where the court said:

". . . . it was not the legislative intent that the act should immediately take effect, but that it should become operative only at a time when it would not deprive any county in the district two terms of court."

In the light of the foregoing authorities it clearly appears that the intention of the Legislature was to continue the Veterans' State Service Office in operation as originally provided for, and with the same authority, until its functions were "taken over" and "absorbed" by the Veterans' Affairs Commission.

You are therefore advised that it is possible to spend money in the name of the Veterans' Service Office for salaries, travel, supplies, etc. as heretofore done, and your first question is answered in the affirmative.

By the same reasoning it is equally apparent that the intended absorption of the Veterans' State Service Office by the Veterans' Affairs Commission contemplates and expressly provides for reappropriation of funds so as to pay salaries of the present Veterans' State Service Employees who shall then be entitled to compensation. In particular, the designation that the total balance shall be turned over without directing a specific mode of spending is indicative of the fact that the new commission shall have wide discretion in using its funds. It will have these balances at its disposal but will not be bound by the specific allotments under the appropriation to the Veterans' State Service Office. In other words, at the time the Veterans' Affairs Commission begins to function, the reappropriated funds will be handled as if the Legislature had appropriated the funds to it in the first instance. The new agency is empowered to make changes and reassignments, but will, of course, be bound to pay present employees for services rendered under the now existing system.

## SUMMARY

The Veterans' State Service Office is authorized under H. B. 18, 50th Legis., to continue to function as such with authority to make expenditures in the name of the Veterans' State Service Office, until it can be "taken over" and "absorbed" by the Veterans' Affairs Commission.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Price Daniel*
ATTORNEY GENERAL

By *Robert A. Hall*
Robert A. Hall
Assistant

By *Joe H. Reynolds*
Joe H. Reynolds
Assistant

RAH:ff:wb