KENTZ v. KENTZ. (No. 1467.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 5, 1919.)

1. JUDGMENT ⊛⟶303, 355 — AMENDMENT AND VACATION.

Independently of Rev. St. 1911, arts. 2015, 2016, the court, during the term at which a judgment is rendered, has plenary power over it, and may vacate, modify, or correct it at discretion, not only as to clerical mistakes, but mistakes as to rights of parties, provided the intervention of a jury is unnecessary, or that it does not involve the entry of judgment against the verdict.

2. JUDGMENT ⊛⟶394—VACATION—CORRECTION AS TO WHOLE OR PART.

During the term at which a judgment is rendered the court has jurisdiction to hear additional testimony in regard to any part of the proceedings to which he might entertain doubt, and to open all or part of the judgment for such purpose.

3. DIVORCE ⊛⟶149, 301—CUSTODY OF CHILDREN—EFFECT OF VERDICT.

The verdict of the jury is unnecessary on the issue of the custody of children in a divorce suit, and its verdict is merely advisory, in view of Rev. St. 1911, art. 4641.

4. DIVORCE ⊛⟶303(3)—OPENING DECREE—NOTICE.

On opening a decree in a divorce suit during the same term at which it was entered in order to modify provisions as to custody of children, notice to the opposite party is not a necessary prerequisite, the case being still pending during the term, and the parties having notice that the judgment is during such time subject to annulment and modification.

5. APPEAL AND ERROR ⊛⟶982(1)—DISCRETION OF COURT—MODIFICATION OF DECREE.

The power of the trial court to open and modify a judgment entered at the same term is reversible for abuse of discretion.

6. ATTORNEY AND CLIENT ⊛⟶76(4)—TERMINATION OF EMPLOYMENT — EXPIRATION OF TERM.

While ordinarily the employment of attorneys terminates on the rendition of final judgment, a judgment does not become final until at expiration of term at which it is entered, and in the absence of a special agreement between attorney and client, the employment lasts until the expiration of term as far as modification of judgment and notice thereof is concerned.

7. DIVORCE ⊛⟶312—CUSTODY OF CHILDREN—APPEAL—PRESUMPTIONS.

On appeal from judgment modifying judgment as to custody of children, it may be presumed, in aid of the judgment, that evidence was offered as to the circumstances of defendant's leaving the state and the employment of her attorneys, as bearing upon whether such attorneys continued to represent her, and were therefore authorized to receive notice of the proceedings to modify.

Error from District Court, Hemphill County; W. R. Ewing, Judge.

Suit by T. L. Kentz against Alice Kentz for divorce. Decree for plaintiff in part was vacated on his motion and modified so as to award custody of children to plaintiff, and defendant brings error. Affirmed.

H. E. Hoover and Newton P. Willis, both of Canadian, for plaintiff in error.

Sanders & Jennings and Frank Willis, all of Canadian, for defendant in error.

BOYCE, J. T. L. Kentz, defendant in error, sued Alice Kentz, plaintiff in error, for divorce. She answered by general and special denials, and in a cross-action also sought a divorce. There were two children of the marriage, aged six and three years, respec-

tively, and each of the parties sought to have awarded to them the custody of such children. The jury returned a verdict for plaintiff, T. L. Kentz, on the issue of divorce, and recommended "that the children be placed in the custody of the mother only so long as the court knows that they are being reared under moral and Christian influences." Judgment was entered by the court on August 17, 1918, granting the plaintiff divorce, and awarding the custody of said children to the mother. On August 29, 1918, plaintiff filed a motion to vacate and set aside that part of the judgment which awarded the custody of the children to the mother, in which motion it was alleged that the court erred in awarding the custody of said children to the mother, for that it necessarily appeared from the findings of the jury on the issue of divorce that she was not a proper person to have the care and custody of the children; that said defendant, before and since the trial and judgment, had been guilty of specific acts of immorality and misconduct, set out in detail, which showed that she was not a fit custodian for the children; that the said defendant, having heard of plaintiff's intention to attempt to secure some action in reference to the custody of said children, based on such new acts of misconduct, had left the state and gone to California with said children, in an attempt to defeat the jurisdiction of the court. It was prayed that the court might hear such additional evidence as he might desire on such hearing, and that the said former judgment in the respect mentioned be vacated, and judgment entered awarding the custody of the children to the plaintiff. An order, setting aside that portion of the judgment in reference to the custody of the children and awarding such custody to the plaintiff, T. L. Kentz, was entered on August 31, 1918. These proceedings were all had at the same term of the court at which the judgment was entered. No notice of the hearing was had upon the defendant, so far as appears from the transcript, and she did not appear at the trial. The attorneys who had represented her in the case prior thereto appeared at the trial and filed an answer as amicus curiæ.

The grounds relied on to sustain this writ of error are variously expressed, but are all in substance stated in the first assignment as follows:

"The district court having rendered final judgment in said cause on the 17th day of August, 1918, had no power, authority, or jurisdiction to thereafter and at the same term of court, without notice to the defendant, and during her absence from the state, vacate the judgment so rendered and render a different judgment in said cause."

[1] It is well settled that the court, during the term at which a judgment is rendered, has plenary power over it, and may vacate, modify, correct, or change it at discretion. This power extends not only to matters of clerical mistake, but the court, if it concludes that a mistake as to the rights of the parties has been committed, may vacate the judgment rendered and render such judgment in its stead as he may conclude is proper, provided, of course, that the intervention of the jury is not necessary and it does not involve the entry of a judgment against the verdict of the jury. The term in respect to the control of the court over the judgment is regarded as a unit, and the court does not, during such time, lose control of his power to act in the case, so that, in one sense at least, the judgment may not be said to be final until the end of the term at which it was rendered. Blackburn v. Knight, 81 Tex. 326, 16 S. W. 1075; Cohen v. Moore, 101 Tex. 45, 104 S. W. 1053; Williams v. Huling, 43 Tex. 120; and authorities cited in Michie's Digest, vol. 11, p. 99, et seq.; Black on Judgments, § 153; Cyc. vol. 23, p. 901.

[2, 3] This power is independent of the provisions of articles 2015 and 2016, Rev. St. Under this view of the judgment we take it also that the court would have jurisdiction during the term to hear additional testimony in regard to any part of the proceedings as to which he might entertain doubt and open up all or part of the judgment for such purpose. The determination of the custody of the children was one for the decision of the court, and not the jury, and the verdict of the jury was not necessary on such issue, and is to be regarded as merely advisory. Rev. St. art. 4641; Wright v. Wright, 50 Tex. Civ. App. 459, 110 S. W. 159. So we do not doubt the jurisdiction or power of the court to take such action as was taken in the premises.

[4, 5] It appears, also, that notice to the opposite party of the proposed action of the court is not a necessary prerequisite thereto; that is considered as a matter of jurisdiction. The case during the term is still pending and the parties have notice of the fact that the judgment is subject to annulment or modification by the court, either on its own motion or that of the opposing party. Carothers v. Lange, 55 S. W. 581; Studebaker Bros. v. Hunt, 38 S. W. 1135. Of course this is a power that may be abused, and in cases of abuse of discretion in such matter the judgment would be reversed on appeal or writ of error. Williams v. Huling, supra. The trial courts should proceed cautiously in such matters, and, particularly in cases where additional testimony is to be offered, fairness would suggest that notice of such proceeding ought to be given to the opposing party; and it seems to us that the question on this appeal is not whether the court had power to act in the premises, but whether it abused that power by proceeding to exercise it without notice to the

defendant. No statement of the facts proven; either on the original hearing or on hearing of the motion, is brought up, and we must indulge in every reasonable presumption in favor of the judgment. We are not informed of the character of evidence that was offered on the hearing of the motion, though we suppose it is to be presumed that some evidence was offered, since it is recited in the judgment that it was rendered after hearing of the motion and evidence offered in support thereof. So we cannot determine whether the court, on reflection and reconsideration, changed his mind as to his first ruling and entered the modified judgment on this account. The court may have found that, as alleged in the motion, the defendant had learned of the plaintiff's intention to take proceedings in this matter and had clandestinely left with the children to evade service of notice of such proceeding, and may have also concluded that notice to the attorneys who had theretofore represented her in the case was under the circumstances sufficient. The answer filed by such attorneys as amicus curiæ stated that they appeared only as amicus curiæ, and that their connection with said case terminated after the trial of said cause in the court at a former day of the term. This answer consisted of pleas to the jurisdiction of the court to hear said motion, general and special exceptions, and a general denial.

[6] Ordinarily, the attorney's employment by defendant terminates upon the rendition of final judgment, but, as we have seen, the judgment does not become final until the expiration of the term, and unless there is some special agreement between the attorney and the client terminating the employment sooner, it would be held to include representation in proceedings of this kind taken at the same term in reference to the judgment. C. J. vol. 6, Attorney and Client, §§ 161, 184. The attorneys appear to us to have been laboring under a mistake of the law, if we have correctly announced it, as to the power of the court to proceed at all to alter or change the judgment during the term; it being in effect asserted by them that such power is limited to making such corrections and amendments as would make the judgment speak the truth as to what was actually done, or intended to be done, thereby. The same mistaken view as to the finality of the judgment may have led the attorneys to the mistaken conclusion that their employment had terminated upon its rendition, and the court may have so found and have concluded that so far as notice is concerned they ought to be held to have continued to represent the defendant in such case.

[7] We may presume, if such presumption will sustain the judgment, that evidence was offered as to the circumstances of the defendant leaving the state and the terms of the employment of the attorneys. Gerlach Mercantile Co. v. Hughes, Bozarth-Anderson Co., 189 S. W. 792.

We do not think the record is sufficient to show an abuse of the discretion of the court in this matter, and therefore affirm the judgment.