## NATIONAL LIFE & ACCIDENT INS. CO.
### v. COLLINS et al.
#### No. 2774.

Court of Civil Appeals of Texas. Eastland.

Oct. 21, 1949.

Rehearing Denied Nov. 11, 1949.

Turner & Seaberry, Eastland, for appellant.

Conner & Conner, Eastland, L. R. Pearson, Ranger, for appellees.

PER CURIAM.

Appellees have filed a motion to dismiss the appeal. They contend that an appeal from the District Court of Eastland County is governed by Texas Rules Civil Procedure, 330, while appellant contends that it is governed by R.C.P. 320. If R.C.P. 330 controls, appellant did not comply there-

with; this court does not have jurisdiction and appellant's motion to dismiss must be sustained.

The former statute, Article 2092, as amended in 1939, upon which R.C.P. 330 is based, provided that the rules of procedure stated therein should govern in civil district courts in counties having two or more district courts with civil jurisdiction only, whose terms continued three months or longer, and in all civil litigation in counties having *five* or more district courts. Since Eastland County now has only one district court, it is clear that said statute, if now effective and controlling, would not apply to the 91st District Court of Eastland County because it is the only district court in said county. However, said statute has been superseded by Texas Rule of Civil Procedure 330, reading: "The following rules of practice and procedure shall govern and be followed in all civil actions in district courts in counties where the only district court of said county vested with civil jurisdiction, or all the district courts thereof having civil jurisdiction, have successive terms in said county throughout the year, without more than two days intervening between any of such terms, whether or not any one or more of such district courts include one or more other counties within its jurisdiction."

The question to be decided is whether or not the 91st District Court of Eastland County, being the only district court in said county, has "successive terms * * * throughout the year, without more than two days intervening between any of such terms * * *." Subdivision 91 of Article 199 provides that the terms of the district court of Eastland County shall be held "On the first Mondays in February, April, June, August, October and December, *and may continue until the business of the court is disposed of.*" (Italics ours).

Appellant argues that if there could intervene more than two days time between any of the terms of said court, R.C.P. 330 could not apply to it because it would not have "successive terms * * * without more than two days intervening between any of such terms." Appellant refers to R.C.P. 19, which provides that terms of

court shall commence at the time fixed by statute and continue until the last day of the term "unless sooner adjourned by the judge thereof." Appellant says that if the business of the court is disposed of prior to the expiration of any two months term provided by Article 199, Subdivision 91, the judge may adjourn court for the term before the expiration of two months and, therefore, R.C.P. 330 does not apply to the District Court of Eastland County. There are decisions that tend to support this conclusion. See International & G. N. Ry. Co. v. Smith, 62 Tex. 185; Labadie v. Dean, 47 Tex. 90, 100, and McKinley v. Salter, Tex. Civ.App., 136 S.W.2d 615, 622.

All parties agree that it would lead to uncertainty and confusion to construe Article 199, Section 91, so that the judge might conclude at one term that the court's business was disposed of before expiration of the two months period and adjourn court and at another term continue the term for the full two months, and consequently, to apply Rule 320 to the first instance and Rule 330 to the other, with the result that different and conflicting rules of procedure would govern appeals from the same court.

In support of the motion to dismiss the appeal, appellee cites Sims v. State, Tex.Cr.App., 207 S.W.2d 887, 888. In 1927, a criminal district court for Harris County was created. The act provided that it should have four terms each year, stated the beginning time of each term, and that "each term shall continue until the business is disposed of." Vernon's Ann.C.C.P. art. 52—158, § 6. The act provided that terms should begin on the first Mondays in November and February. Sims was convicted in January, at a term which convened on the first Monday in November and adjourned on February 1st. He contended that the November term ended with the calendar year on December 31st and that his conviction was after the termination of the November term and, therefore, void. The court of Criminal Appeals held that "in the absence of an express provision for the adjournment of a term of court provided under the Act, same was authorized to remain in session until the convening of the succeeding regular term."

In Norwood v. State, 135 Tex.Cr.R. 406, 120 S.W.2d 806, 813, said court held that where an order is made for a special term of court and no adjournment date is fixed in the order and it does not clearly appear from the order that the special term was intended to overlap a regular term, the special term would end by operation of law at the time for convening the next regular term. That is substantially the contention made here by appellee, to wit: that it was the legislative intent in providing that said terms "may continue until the business of the court is disposed of", for each term to end by operation of law upon the beginning of the next succeeding term provided for in Article 199, Section 91. Appellee concludes that only one day, Sunday, would intervene between each of said terms of the District Court of Eastland County and, therefore, R.C.P. 330 applies to appeals from Eastland County.

Appellee presents, as an exhibit to his motion to dismiss the appeal, a certificate of the District Clerk showing that, as a matter of fact, during the last 18 months, each term of the District Court of Eastland County has ended on Saturday before the beginning of the next succeeding term on the following Monday. In other words, that, as actually operated, there have been continuous terms of said court for 18 months without more than two days intervening between any terms.

In Gillette Motor Transport Co., Inc., v. Wichita Falls & Southern R. Co. et al., 170 S.W.2d 629, 631, the Fort Worth Court of Civil Appeals held that "Rule 330 is applicable to procedure in the district courts of Tarrant County." See also Super-Cold Southwest Co. v. Green & Romans, Tex. Civ.App., 185 S.W.2d 749, 750, and Federal Underwriters Exchange v. Bailey et al., Tex.Civ.App., 175 S.W.2d 618. Article 199 provides that the terms of the District Courts of Tarrant County shall commence on the first Monday in every other month "and continue until the business is disposed of." The material provisions as to terms of the District Courts in Tarrant and Eastland County are identical. Our Supreme Court, in Wichita Falls & S. R. Co. v. McDonald, Chief Justice et al., 141 Tex. 555, 174 S.W.2d 951, 952, passed upon a petition for writ of mandamus which sought to compel the Fort Worth Court of Civil Appeals to certify questions of law involved in the case of Gillette Motor Transport Co., Inc., v. Wichita Falls & Southern R. Co. et al., supra. The Supreme Court said: "The suit was brought in the Forty-eighth District Court of Tarrant County. That court has four terms each year, beginning on the first Mondays in February, May, August and November, respectively. All the civil courts of that county have successive terms throughout the year, with not more than two days intervening between any of such terms, and consequently the procedure therein is subject to the provisions of Rule 330, Texas Rules of Civil Procedure."

■ There being no difference between the provisions of the statutes fixing the terms of the District Courts of Tarrant and Eastland County and the Supreme Court having held that the District Courts of Tarrant County have successive terms, without more than two days intervening between terms, and that R.C.P. 330 applies to the Tarrant County courts, we hold that procedure on appeals from the District Court of Eastland County is controlled by Rule 330 et seq.

■■ A motion for new trial not presented to the trial court or acted upon within the time prescribed by R.C.P. 330(j), is overruled by operation of law. Fitzgerald v. Lane et al., 137 Tex. 514, 516, 155 S.W. 2d 602. Compliance with the rules of civil procedure in question is a jurisdictional requisite. Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956, 958; Horwitz v. Finkelstein, Tex.Civ.App., 182 S.W.2d 751, writ ref.

The appeal is dismissed.