## RYLEE v. RYLEE.

No. 4835.

Court of Civil Appeals of Texas. El Paso.

Nov. 21, 1951.

Rehearing Denied Dec. 12, 1951.

J. H. Starley, Pecos, for appellant.

Richard L. Toll, Pecos, for appellee.

PRICE, Chief Justice.

This was an action for divorce wherein Annie Rylee was plaintiff and I. A. Rylee defendant. A division of property was sought. Trial was to the court without a jury. The court was not asked nor did it make findings of fact and conclusions of law. Judgment was entered in favor of plaintiff granting her a divorce and awarding her a homestead interest for life in a certain house and lot situated in Mineral Wells, Texas, and likewise a personal judgment against defendant in the sum of $720. Defendant was awarded other property, real and personal, as his separate estate. Defendant has perfected this appeal. The appeal does not assail the judgment for divorce, but does assail the portion awarding the plaintiff a life interest in the homestead and the judgment for $720.

Defendant urges three points of error: First, the trial court erred in granting plaintiff a life estate upon the separate property together with the improvements thereon in Mineral Wells, which the court found constituted the homestead of appellant and appellee because the uncontradicted evidence showed that appellee abandoned said homestead voluntarily and failed to establish any basis for the relief granted by the court; Second, the court erred in granting appellee all the rents and revenues from appellant's separate property which constituted the homestead, that same is in fact a judgment granting alimony, contrary to the laws of this State; Third, the trial court erred in granting appellee judgment against appellant for the sum of $720 because same is contrary to the uncontroverted facts that none of the moneys on hand owned by appellant constituted community property but on the contrary it is affirmatively shown that all moneys on hand were remnants of the proceeds from the sale of the separate property of appellant.

Defendant does not assail the finding of the judgment that he was guilty of the acts of cruelty here alleged and found to have been committed, by the court. The judgment conclusively and authoritatively established that by his own misconduct defendant rendered further continuance of the relationship of husband and wife intolerable to her. It was the legal duty of defendant to support his wife while the marriage existed; breaching the duty to treat the plaintiff with consideration and kindness should not relieve defendant entirely from the consequences of a breach of duty to support his wife. While the marriage relation subsisted it certainly was his legal duty to support her; in determining if he had the ability to discharge this fundamental duty the law will take into consideration his separate property as well as the community property of the marital partnership. If a husband by his own cruel and unlawful act compels his wife to seek the legal dissolution of the marital status, he should not be able to, by his wrongful conduct resulting in the dissolution of the marriage, escape entirely the consequences of the breach of duty imposed on him by the marital status.

It is elementary that subsequent to the dissolution of marriage by divorce the husband cannot be held personally liable for the support of his former wife. This does not necessarily mean that the property that is either his separate property or community property may not be sequestered by the judgment to assure her support. Article 4638, Vernon's Revised Civil Statutes provides: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such

a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

The only limitation imposed on the power of the court in decreeing as to property to secure the end sought by the Statute is that neither shall be compelled to divest himself or herself of the title to real estate. In the early case of Fitts v. Fitts, 14 Tex. 443–444, it is held under a Statute substantially the same as Art. 4638 supra, that the husband being destitute a part of the separate property of the wife might be placed in the hands of a trustee by the court and income devoted to the support of the husband. In this case the wife had been granted a divorce on the ground of cruelty. It was held the statutory provision was not violated by the decree; that the decree did not compel the wife to divest herself of the title to real estate. The case of Rice v. Rice, 21 Tex. 58–59, is an illustration of the broad and plenary power of the court in division of property on the granting of a divorce. It was there held that property, either separate or community, could by order of the court be placed in trust and the income be devoted to the support of the minor children.

 Plaintiff and defendant cite the case of Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21. A long line of cases has subsequently followed this case. In Hedtke v. Hedtke the only realty to be divided were two tracts of land, the separate property of the husband. The judgment of the trial court granted the wife a life estate as homestead in one of the tracts, to be used by her and her minor children. In many respects the Hedtke case and this case are upon all fours. It is true in the Hedtke case the custody of the minor children was awarded to the wife. However, in that case the homestead estate was not limited to the coming of age of the minors. It has been several times held that the power of the court to award the wife support out of the husband's estate is not conditioned upon the existence of dependent minor children. Helm v. Helm, Tex.Civ.

App., 291 S.W. 648; Clark v. Clark, Tex. Civ.App., 35 S.W.2d 189; Keton v. Clark, Tex.Civ.App., 67 S.W.2d 437, w. r.

While the power conferred upon the trial court by Art. 4638 is very broad, the discretion is a judicial discretion and should not be abused. The presumption is that a decree dividing the property of the parties is valid and the result of a proper exercise of the trial judge's discretion.

 In this case the evidence discloses that plaintiff is about 54 years of age and defendant is about 67, that neither party is an invalid, but neither is in robust health. Plaintiff was a widow and defendant a widower at the time of their marriage; each had children born of their respective prior marriages. The marriage took place on February 25, 1932; one son was born of the marriage but was over seventeen years of age on the date of the filing of the divorce petition. There were no adopted children. The separation of the parties occurred in June, 1949. The evidence would sustain a finding that this separation was brought about by long continued and persistent cruelty on the part of defendant. At the time of the separation the homestead was on property in Mineral Wells, Texas; the decree gave the right of occupancy to plaintiff for her life, and gave her the right to appropriate the rents and revenues arising therefrom. This property was adjudged to be the separate property of defendant. A certain tract of land in the town of Granbury, 150 ft. in width and 300 ft. in depth was awarded to defendant as his separate property; all bank accounts standing in his name, also all notes, bonds and all other personal property of every nature standing in his name. The decree further adjudged that property standing in the name of the parties thereto, whether hereinbefore specifically described or not should be considered and be the separate property of the person in whose name such property stands and in whose possession such property may be found. It will be observed that save as to the two pieces of real estate the decree is very general. Of course the awarding of the homestead in the Mineral Wells property and the judgment against the defendant in the sum of $720 was very

specific. The statement under the various points of error by appellee failed to show the value of the homestead. The statement under appellant's points of error fails to show the value of the personal property awarded to the defendant, fails to show the value of the real estate awarded to defendant without restriction.

Article 4638 vests a broad discretion in the trial judge in the disposition of the property of parties. Hedtke v. Hedtke, supra. There is a strong presumption that the judgment does not constitute an abuse of this discretion. The defendant herein has failed to show that the trial judge abused his discretion in awarding the homestead to plaintiff. Defendant relies upon his own testimony entirely as showing all of the property possessed at the time of the dissolution of this marriage was acquired from the proceeds of his separate property. It is only by his own testimony that it is shown that the property acquired, if any, during the subsistence of the marriage was acquired from the proceeds of his separate estate.

It is ordered that the judgment of the trial court be in all things affirmed.