AGNES SCHMIDT BUNTE ET AL v. JOHN HENRY FLETT ET AL.

No. A-3295. Decided November 21, 1951.
Rehearing overruled December 19, 1951.
(243 S. W., 2d Series, 828.)

 

*P. Harvey,* of Houston, and *Walter L. Johnston,* of Galveston, for appellants.

*Levy & Levy, Bleeker L. Morse, Bedford & Lambdin, Williams & Thornton, Stewart, Burgess & Morris, Stone & Phipps* and *H. E. Kleinecke, Jr.,* all of Galveston, and *Pat N. Fahey* and *Vinson, Elkins & Weems,* all of Houston, for appellees.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This cause is here on a certified question from the Court of Civil Appeals at Galveston.

Under subdivisions 10 and 56, of Art. 199, Vernon's Anno. Civ. Stats., the terms of the 56th District Court of Galveston County are fixed as follows: "On the first Monday in February, April, June, October and December and may continue until the business is disposed of."

Noting that the language of Subdiv. 91, of Art. 199, supra, fixes the terms of the 91st District Court of Eastland County as follows: "On the first Monday in February, April, June, August, October and December, and may continue until the business is disposed of," the Court of Civil Appeals says in its certificate:

"The Eastland Court of Civil Appeals has held in National Life & Accident Ins. Co. v. Collins, 224 S.W. 2d, 285, that the language of Rule 330 embraces and makes applicable to the 91st Judicial District practice and procedure of Rule 330. The Supreme Court has refused an application for writ of error in that case, (148 Texas 643), and the ruling in that case is therefore binding upon this Court. We are unable to distinguish, upon any sound basis, the provisions of Subdivisions 10, 56 from those of Subdivision 91 and feel constrained to sustain appellees' motion to dismiss the appeal for want of jurisdiction to

construe it." Then, tendering its tentative opinion, the court certifies this question:

"Do the provisions of Rule 330, T.R.C.P. govern the practice and procedure in the 56th District Court of Galveston County, Texas?"

The Court of Civil Appeals was correct in its tentative opinion that our refusal of the application for writ of error in National Life & Accident Ins. Co. v. Collins, 224 S.W. 2d 285, forecloses the question certified. We see no reason again to go over the ground so recently and so well covered in the opinion in that case. The language fixing the terms of court in the 91st District Court in that case is identical with that in this case relating to the terms of the 56th District Court, except that as to the latter the month of August is omitted. Appellants would attach importance to that omission; they say its result is that "The terms are not successive throughout the year. They do not follow one another in regular succession. August is skipped. The February, April, October and December terms are each limited to a maximum period of two months; while the June term may continue longer if the business of the court is not sooner disposed of." We do not think that the omission of an August term has any import whatever. The result merely is to have four terms limited to two months and one (June) limited to four months, with all of them permitted to continue *until the business is disposed of*. They are successive terms and, under the holding in National Life & Accident Ins. Co. v. Collins, supra, they are terms "without more than two days intervening between any" of them, because the court's business may require that the terms run for the full two months or four months, as the case may be. The inequality in length of terms provided for cannot alter that possibility.

We refer also to our opinion in Wichita Falls & S. R. Co. v. McDonald, 141 Texas, 555, 174 S.W. 2d., 951, wherein we reached the same conclusion as to the 48th District Court of Tarrant County, the terms of which are fixed by Subdiv. 48, of Art. 199, supra, as "On the first Mondays in February, May, August and November and continue until the business is disposed of." We held its procedure governed by Rule 330.

Our answer to the question certified is "Yes."

Opinion delivered November 21, 1951.

Rehearing overruled December 19, 1951.