### HARTMAN et al. v. LAROS et al.
### No. 12464.

Court of Civil Appeals of Texas. Galveston.
Nov. 20, 1952.

Rehearing Denied Feb. 19, 1953.

P. Harvey, Houston, Walter L. Johnston, Galveston, for appellants.

Vinson, Elkins & Weems and C. M. Hightower, Houston, and Bleecker L. Morse; Williams & Thornton, R. Richard Thornton, Galveston, for appellees Peter T. Laros, Electra Laros, W. J. Guyette, Jr., Mrs. W. J. Guyette, Jr., Phyllis M. Mostyn, Thornton J. Mostyn, Equitable Life Assur. Soc. of United States, and Edward N. Maner, trustee.

MONTEITH, Chief Justice.

This is an appeal in two suits brought by appellants Gladys Elizabeth Hartman and others, including Gotlieb Kaase, in trespass-to-try-title, for recovery from appellees Peter T. Laros and others, of land located in the City of Galveston, and for rents.

The two cases were consolidated, and in a trial before the court, judgment was rendered in favor of appellees on the issue of estoppel by judgment which had been plead by appellees in bar of appellants' maintaining the suits.

Appellants sued therein as heirs of Charles J. H. Illies, a resident of Galveston County, who had died intestate on or about June 6, 1938, without issue and without a surviving wife.

Application for administration of the estate of the deceased was granted by the

County Court of Galveston County, and upon a hearing the Court entered an order distributing the estate among the heirs of the deceased, and closing the estate.

The plaintiffs in that action later sought a statutory writ of certiorari in the District Court of Galveston County, alleging that the court had erred in its determination of heirship in that they were heirs of the deceased. As such heirs, they claimed their respective portions of the estate. For the sake of brevity this certiorari suit will be referred to in this opinion as the Bunte-Flett case.

Appellees in this action had purchased certain properties of the estate from the parties who were adjudged to be the heirs of Charles J. H. Illies, in the certiorari suit.

In the certiorari case—the Bunte-Flett case—the jury found, in answer to special issues submitted, that plaintiffs in the case (appellants here) were not related to Charles J. H. Illies and that Illies had left no paternal kin surviving him. On an appeal to this Court and certified questions submitted to the Supreme Court of Texas, the appeal in the Bunte-Flett case was dismissed for want of jurisdiction. See Bunte v. Flett, Tex.Sup., 243 S.W.2d 828.

After the judgment in the Bunte-Flett case became final, the parties hereto amended their pleadings, setting up, among other things, pleas of estoppel by judgment, res judicata and equitable estoppel. It was stipulated by the parties that plaintiffs (appellants here) claim title to the properties in question through paternal heirs of C. J. H. Illies, Deceased, and not otherwise; that the defendants (appellees here) claim title to the properties as purchasers from the adjudged heirs of C. J. H. Illies, under the judgments of the Probate and District Courts of Galveston County; and that title to the properties was good in C. J. H. Illies at the time of his death. The entire record of the Bunte-Flett case is made a part of the record in this case for all purposes.

The trial court sustained appellees' pleas of estoppel by judgment and rendered judgment for appellees on March 25, 1952.

Appellants in the appeal rely on four points of assigned error. They contend that the trial court erred in holding that appellants are estopped to assert in this suit, title to the land involved in the judgment rendered in the Bunte-Flett case for the reason that that judgment did not dispose of Gotlieb Kaase, a party-plaintiff thereto, and that it is not a final judgment. They contend that the trial court erred in sustaining the defendants' plea of estoppel by the former judgment in the Bunte-Flett suit because said judgment did not dispose of all the issues in said suit, and that it is not a final judgment because it appears that the judgment rendered in the certiorari case did not adjudicate or decree that the plaintiffs in this suit were not heirs of Charles J. H. Illies, Deceased; that the court erred in the trial of the certiorari case in refusing to revise the orders and proceedings had in the County Court of Galveston County, in adjudicating who the heirs of the deceased were; and that since it was not a final judgment, it will not sustain a plea of estoppel by judgment.

The controlling question presented in the appeal is whether or not the trial court improperly sustained appellees' plea of estoppel by judgment, because Gotlieb Kaase, a party in the Bunte-Flett case, was not included in the previous judgment. Appellants contend that such judgment was not a final judgment and that for that reason it was incomplete and inconclusive as a matter of law.

The pleadings in the Bunte-Flett case disclose that Kaase was one of the plaintiffs in the Bunte-Flett case, and the stipulations entered into between the parties in the instant case show that all the parties-plaintiff in this appeal except Gotlieb Kaase are parties in the trespass-to-try-title cases involved in this action.

In the case of Boyles v. Cohen, Tex.Civ.App., 230 S.W.2d 604, action was brought in the District Court of Harris County for recovery from appellee H. M. Cohen, Investors Syndicate, and Hermann Hospital Estate, of taxes alleged to be due on the property involved. It was sought to review and declare void a tax judgment and the order of sale and constable's deed

thereunder, and the judgment involving the title to the property. A jury found that appellee H. M. Cohen had not been served with citation in the cause, in which judgment was rendered awarding appellee the title and possession of the property involved in the suit. The appellant contended that the suit was a collateral attack upon the judgment rendered in the tax suit and that it did not dispose of all the parties to the suit, either expressly or by implication. This Court, quoting with approval from the case of Gathings v. Robertson, Tex.Com.App., 276 S.W. 218, 219, held that, "Our statutes provide that there shall be but one final judgment in a case, and a judgment which does not dispose of all the parties to the suit is not a final disposition of the case. * * * The court of Civil Appeals erred in holding that the contention of plaintiff in error that the judgment on which he was sought to be held liable was not a final judgment was a collateral attack on a judgment of a court of competent jurisdiction, and that the pleadings and record could not be considered in determining whether the judgment was binding on him." The Court stated the cases of Kline v. Power, Tex.Civ.App., 114 S.W.2d 617; Texas Cities Gas Co. v. Dickens, Tex.Civ.App., 133 S.W.2d 810; De Zavala v. Scanlan, Tex.Com.App., 65 S.W.2d 489, were in accord with the rule announced in the case of Gathings v. Robertson, supra.

By stipulation, all the parties in the consolidated suits involved in this appeal, including the plaintiff Gotlieb Kaase, were named parties-plaintiff in the petition for certiorari. The judgment rendered in that suit recited that the suit was a petition for certiorari brought by plaintiffs herein named for the revision of certain orders of the County Court of Galveston County, Texas, in the matter of the Estate of Charles J. H. Illies, Deceased. The names of all of the parties-plaintiff in said petition for certiorari were included in the judgment rendered with the exception of Gotlieb Kaase—who was not named. The writ of certiorari was issued and served, including citation by publication to all persons interested in said estate.

Under these facts, we think, the judgment entered in the District Court of Galveston County, in the Bunte-Flett case, was not such a final judgment as would give this Court jurisdiction to entertain an appeal therefrom, in that the judgment in the certiorari case did not dispose of Kaase, a party-plaintiff thereto, and that it did not adjudicate or decree that the plaintiffs in this suit were not heirs of Charles J. H. Illies, deceased, who was the common source of title.

Wherefore, the judgment of the court below will be reversed and the cause remanded for a new trial.

Reversed and remanded.