PETER T. LAROS, ET AL V. GLADYS
ELIZABETH HARTMAN ET AL.

No. A-4069. Decided June 30, 1953.
Rehearing overruled October 7, 1953.
(260 S. W. 2d Series 592)

*Vinson, Elkins & Weems,* of Houston, *Bleecker L. Morse,* and
*Williams & Thorton* and *E. H. Thorton, Jr.,* all of Galveston for
petitioners.

On the proposition that the judgment of the trial court was
final and that the Court of Civil Appeals erred in not so holding

petitioners cited Lindsay v. Hart, 276 S. W. 199; Trammell v. Rosen, 106 Texas 132, 157 S.W. 1161; Rotge v. Murphy, 198 S. W. 215.

*P. Harvey,* of Houston and *Walter L. Johnston,* of Galveston, for respondents.

Cited Jones v. Barnett, 30 Texas 638; Witherspoon v. Jernigan, 97 Texas 98, 78 S. W. 445; Franks v. Chapman, 61 Texas 576.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This case is a consolidation of two trespass to try title suits, filed originally in a district court of Galveston County, Texas, by the respondents, as plaintiffs. Plaintiffs claimed to be the heirs of one Charles J. H. Illies, deceased, who died intestate in Galveston, Texas, in 1938. Respondents claimed title to the property involved as purchasers from those persons whom the Probate Court of Galveston County had determined to be the sole heirs of Charles J. H. Illies. and to whom the Probate Court had distributed the estate. The Illies estate was duly closed by an order of the Probate Court on October 6, 1942. On September 12, 1947, Gotlieb Kaase and other respondents filed a petition for probate certiorari in the 56th District Court of Galveston, in which they claimed that they were the paternal heirs of decedent and that, therefore, the District Court should enter its order setting aside all orders of the County Court adjudicating, or purporting to adjudicate, the heirs of the decendent and the orders of distribution of said estate; and that the District Court should, in its order, adjudicate the heirs of the decedent and distribute one-half of the estate to respondents, as their interest appeared, and one-half of said estate to the maternal heirs (predecessors in title of petitioners herein).

On a trial before a jury, the jury found, in answer to special issues, that the father of Illies had no sister Franzisga Illies under whom Gotlieb Kaase et al were claiming as heirs of Charles J. H. Illies. The trial court entered a judgment finding that Kaase et al, the respondents herein, were not related to Charles J. H. Illies, and were not paternal heirs of Illies as respondents claimed in their pleadings and by evidence offered. The court further found that petitioners' predecessors in title were the only known and the "only heirs of Charles J. H. Illies, deceased, ascertained and who can be ascertained by the exercise of reasonable diligence", and dismissed Kaase et al's suit for

certiorari. Kaase et al appealed to the Court of Civil Appeals at Galveston, which certified certain questions to the Supreme Court, and on November 21, 1951 we answered the questions and the appeal was dismissed for want of jurisdiction. Bunte v. Flett, 150 Texas 592, 243 S.W. 2d 828.

■ The two trespass to try title suits had been filed by the same plaintiffs as brought the certiorari suit on November 18, 1947, but the suits remained untried until after the final judgment in the certiorari proceedings. After we had dismissed the certiorari case, the defendants therein, who are the petitioners herein, and who also were the defendants in the certiorari suit, amended their answers in the trespass to try title suits, and pled the final judgment in the certiorari case as an estoppel and as *res adjudicate* of the plaintiffs' (respondents herein) right to again litigate the issue of whether or not respondents were related to Charles J. H. Illies. Respondents in their pleadings and briefs filed in this consolidated cause base their right to recover upon their being heirs of Franzisga Illies, alleged to be the sister of Charles J. H. Illies' father; thus claiming to be paternal heirs of Charles J. H. Illies, the same claim they made in the certiorari suit. Judgment was rendered for the petitioners herein in the trial court, which was reversed on appeal by the Court of Civil Appeals on the ground that the judgment in the certiorari cause had omitted the name of Gotlieb Kaase from the list of plaintiffs as set out in the beginning of the judgment. 255 S.W. 2d 310. We think the Court of Civil Appeals erred in holding that the judgment in the certiorari cause was not a final judgment. It is true that in the beginning of the judgment the name of Gotlieb Kaase (and only his name) is not listed as being a plaintiff. The judgment does provide "and it appearing to the Court from the jury's verdict and finding, as aforesaid, *that the plaintiffs filing the aforesaid petition* are not related to decedent, Charles J. H. Illies, in any degree; that they are not the paternal heirs of the said decedent, and that they are not interested in the estate of said decedent and are not entitled to share in any portion thereof, and the Court so finding; It is accordingly ORDERED, ADJUDGED and DECREED by the Court *that plaintiffs' petition for probate certiorari,* as aforesaid, be, and the same is, in all things and matters, and for all times dismissed with prejudice."

In the case of Lindsey v. Hart et al, Tex. Com. App., 176 S.W. 199, suit was brought on some vendors lien notes signed by certain defendants; and also Max W. Hart was joined as a

defendant as a subsequent vendee of the land. The judgment entered by the court gave a personal judgment against the signers of the vendors lien notes naming them, and for foreclosure of the vendors lien against the land; that an order of sale issue and for a writ of possession in favor of the purchaser at the foreclosure sale. There was no mention of Hart in the judgment. On appeal it was contended that the judgment was not a final judgment because it did not mention the defendant Hart. The contention was overruled, and the Court said:

"* * * But, in the light of the petition, the necessary implications of it were that the personal judgment was against the defendants who were named in that connection, and against whom alone that recovery was prayed, and the foreclosure was against all of the defendants, including especially Hart, who was the alleged owner of the property. Judgments are to be liberally construed so as to read into them their necessary implications and make them serviceable instead of useless. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161."

In Tennison v. Donigan, Tex. Com. App., 237 S.W. 229, 231, wherein complaint was sustained by the Court of Civil Appeals that the judgment was not a final one because it failed to dispose of all parties and issues, the Court said:

"It is the well-settled law of this state that, though a judgment entry may be irregular and imperfect in failing to expressly dispose of some issues between the parties, such issues may be disposed of by necessary implication, and the judgment made thereby final as to all issues and all parties. See Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161."

In Houston Oil Co. of Texas v. Village Mills Co., Tex. Com. App., 241 S.W. 122, at page 129, in holding final a judgment which in one portion omitted the names of several plaintiffs, the Court says:

"Where a judgment is ambiguous and possibly conflicting in its provisions, resort can be had to the pleadings and the entire record in order to ascertain the real intent and force of the judgment. Reading the pleadings and the various provisions of the judgment, we are thoroughly convinced that the judgment in controversy intended to decree the real title to the land in suit into the defendants, and to establish the title of the latter as against all the plaintiffs, whether named in the original or amended petition. We think the judgment does dispose of all the parties and issues. It does not do so expressly in some of its

parts, but it does do so, as we construe it, by necessary implication. Issues and parties can be disposed of in that way, as held in the cases of Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161, and Tennison v. Donigan (Tex. Com. App.) 237 S. W. 229."

In the case of Wood et al v. Gulf Production Co. et al, Tex. Civ. App., 100 S.W. 2d 412, 415, no writ history, it was claimed that the judgment entered was not a final one, and was therefore void because the name of a defendant was omitted from the judgment. It was held that the judgment was a final one, saying:

"* * * It was not essential to the validity of the judgment that the names of the defendants be expressed in the body of the judgment. A judgment for or against 'plaintiffs' or 'defendants' will bind the parties thus designated whose names may be ascertained without ambiguity from the record, and reference may be made to the caption, record, pleadings, and process. 33 C. J., Sec. 131; Smith v. Chenault, 48 Tex. 455; Smith v. Switzer (Tex. Civ. App.) 270 S. W. 879; Bendy v. W. T. Carter & Bro. (Tex. Com. App.) 14 S. W. (2d) 813."

We hold the judgment entered in the certiorari case was a final judgment. De Zavala v. Scanlan, Tex. Com. App., 65 S.W. 2d 489; Rotge v. Murphy et al, 198 S.W. 2d 932, N.R.E.; 25 T. J., Sec. 7, 370, 371; 30 Am. Jur. Sec. 23, 829; 49 C. J. S., Sec. 75, 194, 195.

The respondents urge many other objections to the judgment in the certiorari cause. Having held the judgment to be a final and valid judgment it follows that respondents cannot again litigate the issues decided in said cause. These trespass to try title suits are collateral attacks on such certiorari judgment. By the judgment in the certiorari case the respondents were adjudged not related to Charles J. H. Illies; therefore, they are not a "person interested in the estate" of Charles J. H. Illies, and are not entitled to complain of the action of the Probate Court in its distribution of the estate among the petitioners predecessors in title. Article 932, Vernon's Annotated Texas Civil Statutes, which authorizes the writ of certiorari in probate cases, reads:

"*Any person interested* in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward. Persons non compos mentis, infants and femes covert shall have two years after the removal

of their respective disabilities within which to apply for such revision and correction." (Emphasis added).

The language "any person interested in the estate of a decedent" has been construed by our courts as meaning one "who either absolutely or contingently is entitled to share in the estate or the proceeds thereof." Murphey's Adm'r. v. Menard, 11 Texas 673; Pena Y Vidaurri's Estate v. Bruni et al, Tex. Civ. App., 156 S.W. 315, writ refused; Abrams et al v. Ross' Estate et al, Tex. Com. App., 250 S.W. 1019; Alexander v. State, Tex. Civ. App., 115 S.W. 2d 1122, writ refused; McDonald et al v. Edwards et al, 137 Texas 423, 153 S.W. 2d 567; Appleby v. Tom, 170 S.W. 2d 519, no writ history. As was said in Abrams et al v. Ross' Estate et al, supra, speaking of one seeking to contest the probate of a will "in the absence of such interest a contestant is a mere troublesome intruder."

We hold that respondents are not such "interested persons" as are entitled to complain of the Probate Court's judgments in determining the heirs of Charles J. H. Illies and the distribution of his estate.

The judgment of the Court of Civil Appeals herein is reversed, and the judgment of the trial court is affirmed.

Opinion delivered June 30, 1953.

Rehearing overruled October 7, 1953.