## DAZEY v. DAZEY.

### No. 12638.

Court of Civil Appeals of Texas.

Galveston.

Jan. 21, 1954.

Rehearing Denied Feb. 25, 1954.

Frank Webb, Houston, for appellant.

Edward A. Jahn, Galveston, for appellee.

CODY, Justice.

This was a suit by appellee for a divorce from his wife, the appellant, and for custody of their two children who are minors, and for such other relief to which he may show himself justly entitled. The wife, by her answer, resisted her husband's suit for divorce and for custody of the children and she in turn brought a cross-action against appellee for the divorce and for custody of their two children, for attorney's fees, and she further alleged that she and appellee owned a home at 5916 Q½ in Galveston of the value of $6,500, and further alleged that they owned the furniture therein and other community property. She asked to be awarded the use and occupancy of the home and use of the furniture for her natural life and she sought to require appellee to pay a specified sum each month for the support of the children.

On April 29, 1953, the court, trying the case without a jury, denied all relief sought by appellant on her cross-action and rendered judgment granting appellee the divorce and custody of the children. The court further found that the parties had acquired property of a mixed nature (specifying the property). The court found that a division of the property was not necessary and then decreed that appellee should take all of the property and ordered that appellant should take $1,000. Thereafter, on May 28, 1953, however, the court made an order which reads in part: "The Judgment entered in this cause on the 29th day of April, 1953, and appearing in Minute Book 72, Page 231, of the Court is hereby vacated, set aside and held for naught; and

"Whereas, this Court is in the midst of the trial of the above numbered and entitled cause and (sic) at the time for the expiration of the April, 1953, Term of this Court has arrived; and

"Whereas, it is deemed expedient and necessary by the undersigned Judge presiding at said trial, that the April, 1953, Term of this Court be extended in order to permit the conclusion of said pending trial and the entry of a proper judgment in this cause; * * *" and in the order just

quoted from the court extended the April term of court to permit the conclusion of the trial of said cause to the 15th day of July, 1953, if necessary.

Thereafter, on the 24th day of June, 1953, the court rendered an "Amended Judgment", which, with the exception hereafter to be noted, was in all respects the legal equivalent of the judgment entered on April 29, 1953. The difference between the "Amended Judgment" and the original judgment was that the court, after describing the homestead by its lots, and block numbers in the Denver Resurvey, City and County of Galveston, and after describing the household furniture and fixtures located therein, provided that appellee and the said two minor children should continue to reside in said homestead and use the furniture until the younger child attains the age of 16 years; and the judgment further provided: "The Court further finds that the Defendant has contributed $500.00 out of her separate funds and $220.00 out of her one-half of the community funds toward the purchase of the lands and improvements hereinabove described and that the present value of her one-half of the said household furniture and fixtures now located in said homestead is approximately $280.00."

The court, in response to appellant's request, filed conclusions of fact and law, to which no objections or exceptions were made or reserved.

Appellant predicates her appeal upon four points; the first two points are to the effect (1) that the 10th District Court was not "in the midst of the trial of the case on May 28, 1953 when the order of that date was made to extend the April term of the court to permit the conclusion of the trial," and (2) that the trial court, "having on May 28, 1953 decreed its judgment of April 29, 1953, to be null and void and set the same aside, could not thereafter, as is attempted to do, on May 24, 1953, "breathe life into it by a purported amendment or correction thereof." We overrule appellant's first two stated points.

## Opinion

It is well settled that during the term at which a judgment is rendered, the court ordinarily has plenary power over it and may upon its own motion or the motion of a party vacate, modify, correct or reform it. Gulf, C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 358, 207 S.W. 897, 4 A.L.R. 613; and see 25 Tex.Jur. 546 and cases there cited. Certainly such is the law where, as here, the trial was to the court without a jury. In Gulf, C. & S. F. Ry. Co. v. Muse, just cited, the court had occasion to discuss the application of R.C.S. Art. 1923 (which at the time said opinion was written was known as Art. 1726). The effect of Art. 1923, where it is applicable, is of course merely to extend the term of court so that a trial may be completed to judgment. And during the period of extension of a term the court has the same plenary power over a judgment that it has during the regular term.

The language used in the court's order of May 28, 1953, and the language used in the briefs of the parties strongly implies that the mistaken conception was entertained that it was necessary, when the court concluded on May 28, 1953, that reversible error had been committed in the judgment rendered on April 29, 1953, to extend the April term in order to correct same. The truth is of course that the status of the 10th District Court of Galveston County is identical with that of the 56th District Court of Galveston County. R.C.S. Art. 199, Secs. 10, 56. And the Supreme Court determined in Bunte v. Flett, 150 Tex. 592, 243 S.W.2d 828, that Rule 330, Texas Rules of Civil Procedure, governs the practice and procedure of the 56th District Court. In other words, the 10th District Court of Galveston County is, in legal contemplation, in virtual continuous session. Hence, R.C.S. Art. 1923 is not applicable to said court, and there is no need to extend a term of court which by law is in continuous session. See Jones v. Campbell, Tex.Civ.App., 188 S.W.2d 679, writ refused. The only practical effect of the order of May 28, 1953 was to apprise the par-

ties the court was going to take additional action in the case. The order had no legal effect. Appellant's points 1 and 2 are simply not relevant or apposite.

Appellant's third point is that the court erred in fixing a definite sum of money as the defendant's interest in the homestead and other property, and her fourth point is that the court erred in awarding the appellee the exclusive use for himself and the children of the homestead and other property. Said points are overruled.

■ R.C.S. Art. 4638 imposes the duty on the court in pronouncing a decree of divorce to divide the estate of the parties as the court deems just and right, having due regard for the rights of the parties and the children. The sole limitation on the court's power is that neither party may be compelled to divest himself of title to real estate. Rylee v. Rylee, Tex.Civ.App., 244 S.W.2d 717. In the judgment rendered by the court on April 29, 1953, the court in effect awarded all the property to appellee and provided that he should pay appellant $1,000. Since such a division would have divested appellant of her title to real estate, we infer that one motive of the court in making the order of May 28, 1953 was to give himself the opportunity to eliminate such error, which he did in the "corrected" judgment of June 24th. The determination by the court of the amounts contributed by appellant and appellee to the purchase and improvement of the real estate fixes their relative undivided interests in the real estate. Art. 4638 has been so frequently construed, we believe no good purpose would be served in further discussing appellant's points 3 and 4.

The judgment of the court is ordered affirmed.

Judgment affirmed.

On Appellant's Motion for Rehearing

■ Upon motion for rehearing appellant has cited cases holding that where a judgment is set aside, the court must grant a new trial. But each of such cases was tried to the jury, and the court had not power to substitute his fact findings for those of the jury. A new trial was required because the fact-finding function was required to be exercised by a jury. The instant case was one in which the court exercised the fact-finding function.

In an opinion adopted by the Supreme Court it was held that a court could set aside a judgment and render it for the opposing party at the same term. Said the Court in Blackburn v. Knight, 81 Tex. 326, 332, 16 S.W. 1075, 1078, "Where it discovers that it has erroneously entered judgment for one party, when it should have rendered it for the other, we think that it has the power, and it is its duty, before the judgment becomes final, to correct the error fully." See also Kentz v. Kentz, Tex. Civ.App., 209 S.W. 200, and 25 Tex.Jur. 546, 547.

Appellant's motion for rehearing is overruled.