Theo J. KRIEGER, Appellant,

v.

SHEFFIELD, GARRETT & CARTER, a Partnership, Appellee.

No. 3791.

Court of Civil Appeals of Texas.

Waco.

Nov. 19, 1960.

Rehearing Denied Dec. 1, 1960.

Robert L. Sonfield, Houston, for appellant.

Elledge & Urban, Geo. P. Murrin, Vinson, Elkins, Weems & Searls, Houston, for appellee.

WILSON, Justice.

Appellee filed applications for writs of garnishment, alleging recovery of an unsatisfied judgment in a divorce case. Appellee's assignor was appointed auditor in the divorce case, judgment in which fixed the reasonable cost of the audit and taxed the amount as costs of suit against appellant. Appellee filed an independent suit against appellant for recovery of this amount which was dismissed without prejudice. Appellant intervened in the garnishment proceedings, after garnishees admitted indebtedness to appellant, challenging issuance of the writs. His pleas and motions were overruled and judgment in garnishment was rendered for appellee.

· Appellant's basic position is that since appellee—appointed auditor in the divorce case under Rule 172, Texas Rules of Civil Procedure—was not a party to the judgment in the divorce proceedings, the writ of garnishment is not available to him under the provisions of Art. 4076, Vernon's Ann.Tex.Stats., because he does not have "a valid, subsisting judgment" required by subdivision three thereof.

Rule 172 provides that the court appointing an auditor shall award reasonable compensation "to such auditor", to be taxed as costs of suit. This provision is not materially unlike those in such examples as Rule 173, dealing with the fee of a guardian ad litem; Rules 244 and 759, concerning attorney's fees; and Rule 171 relating to masters in chancery. The fee is allowed "as compensation for services rendered", although taxed as costs. Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81, 96.

■ This question is not free from doubt and has given us concern, but we are convinced appellant's contention must be sustained under this record. Ordinarily, processes to enforce collection of costs are available only in the names of parties "and not in favor of officers in whose favor the costs have been adjudged." 15 Tex.Jur.2d Sec. 79, p. 94; 20 C.J.S. Costs § 416, p. 654. The divorce judgment determined "the reasonable cost of the audit" and taxed it as costs of suit against appellant. The auditor is not designated as a party to the judgment, although his identity as the auditor appointed is shown by the judgment roll. The court had judicial knowledge of the existence and terms of the order appointing the auditor and the divorce judgment. King & King v. Porter, 113 Tex. 198, 252 S.W. 1022. This knowledge, however, does not make the auditor a "party in whose favor the judgment was rendered." There is no award here "to such auditor." To support a writ of garnishment the judgment in the main suit must be definite, final, and one upon which execution may issue. 20–B Tex.

Jur., Sec. 42, p. 234. The clerk could not have properly issued an execution stating appellee's (or his assignor's) as the name of the party in whose favor the judgment was rendered as required by Rule 629. 18 Tex. Jur., Sec. 25, p. 559. No judgment was rendered in appellee's favor. This is not merely because the auditor was not named in the judgment. Had there been an award to the auditor, his identity might have been supplied. Laros v. Hartman, 152 Tex. 518, 260 S.W.2d 592, 594; Nicholson v. Mills, Tex. Civ.App., 227 S.W.2d 354, writ ref. He simply does not have a "valid, subsisting judgment."

■ The most liberal construction of the divorce judgment does not make the ancillary writ available to appellee, in our opinion, under Art. 4076, subd. 3. "The remedy of garnishment is summary and harsh. * * * [S]uch proceedings cannot be sustained unless they are in strict conformity with statutory requirements." Beggs v. Fite, 130 Tex. 46, 106 S.W.2d 1039, 1042. The record shows only a judgment for costs in favor of plaintiff in the divorce judgment against defendant. We do not reach, nor imply opinion on the academic question of whether the writ would have been available to appellee had the judgment made an award to the auditor as provided by Rule 172, rather than merely fixing the amount and taxing it as costs.

The judgment in garnishment is reversed and here rendered that appellee take nothing, and that garnishees are discharged. That portion of the judgment dismissing appellant's cross-action, however, is reversed and to such extent the cause remanded for further proceedings not inconsistent herewith on appellant's cross-action. Costs on appeal and in the trial court are taxed against appellee. The clerk of the trial court is directed to deliver any sums paid into the registry of the court by garnishees, under the judgment, to the garnishees so paying such sums.