

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 14, 1968

Honorable Frank R. Nye, Jr.
County Attorney
Starr County
Rio Grande City, Texas

Opinion No. M-211

Re: Whether an incorpora-
tion election may be
held to incorporate
the "City" of La Grulla
in less than one year
from the date the city
was finally abolished.

Dear Mr. Nye:

In a recent letter you request an opinion concerning the above captioned question. We quote from your letter as follows:

"The City of La Grulla was incorporated by an election held on the 20th day of March, 1965. A subsequent election for the aboli- tion of the City of La Grulla was held on July 19, 1966. The results were for the abolition of the City of La Grulla. The matter of the abolition of the City of La Grulla was taken to court in the case of City of La Grulla vs. Hon. M. J. Rodriguez, County Judge, et al. The Court of Civil Appeals Judgment affirming the trial court was rendered May 10, 1967 and the Supreme Court refused a Writ of Error on October 4, 1967 and overruled a Mo- tion for Rehearing on same on November 1, 1967 making the Supreme Court Judgment final on November 15, 1967.

"A petition was filed with the County Judge on 19th day of October, 1967 requesting an election to incor- porate said City. The County Judge replied that he felt that while liti- gation was in progress on the matter, the election was premature.

"Now, the litigation has come to
an end and some opponents of the incor-
poration have stated that the incorpora-
tion election could not be held within
one year since Article 1134 provides
that a new election for incorporation
shall not be called in less than one
year and is applicable in this instance.

"They take the position that the
time that the matter was in litigation
should not be counted and that no elec-
tion should be called until one year
after the date of the final judgment
in the Supreme Court, to-wit, November
15, 1968.

"The cases they rely upon are. . .

"Middle States Petroleum Corp.,
et al vs. John Messenger and R. J.
Whelan, 368 S.W.2d 645, p. 651.

"Mitchell vs. Brockenbush, 363
S.W.2d 166, p. 1969.

"Midwest Oil Corporation vs.
Winsauer, 323 S.W.2d 944. . .

which hold that litigation will toll
the computation of time in various
instances."

The two statutes involved are Article 1134
and Article 1261 of Vernon's Civil Statutes. Article
1134 provides:

"If the inhabitants of such town
or village desire to be so incorporated,
at least twenty residents thereof, who
would be qualified voters under the
provisions of this chapter, shall file
an application for that purpose in the
office of the county judge of the county
in which the town or village, is situated,
stating the boundaries of the proposed

town or village, the name by which it
is to be known when incorporated, and
accompany the same with a plat of the pro-
posed town or village including therein
no territory except that which is in-
tended to be used for strictly town
purposes. If any town or village be
situated on both sides of a line di-
viding two counties, application may
be made to the county judge of either
county in which a portion of said town
or village is located, in manner and
form as herein provided. <u>A new elec-
tion shall not be ordered in less than
one year.</u>" Acts 1889, p. 5; G.L. vol.
9, p. 1033. (Emphasis added.)

Article 1261 provides:

"When twenty-five of the quali-
fied voters of any incorporated town
or village shall desire the abolish-
ment of such corporation they may peti-
tion the county judge to that effect,
who shall thereupon order an election
to be held in such town or village,
as in the case of its incorporation;
and, if there be a majority of the
voters of said corporation, voting
at such election in favor of abolish-
ing such corporation, the County Judge
shall declare the corporation abolished,
and enter an order to that effect upon
the minutes of the commissioners court.
From and after the date of such order,
the said corporation shall cease to
exist. Nothing in this chapter shall
be construed to repeal or otherwise
affect any laws now upon the statutes
of this State providing for the incor-
poration of towns and villages for
school purposes; said towns and vil-
lages having not less than two hun-
dred inhabitants." Acts 1897, p. 194.

An analysis of the case of <u>City of La Grulla</u>
v. <u>Rodriguez</u>, 415 S.W.2d 701 (Tex.Civ.App. 1967, error
ref. n.r.e.), reveals that the election contest in ques-

tion was brought under the authority of Article 9.15 of the Texas Election Code, and appealed under the authority of Article 9.17 of the Election Code.

Article 9.17 provides that contested election cases, such as the one in question, are subject to the "same rules and regulations as are provided for appeals in civil cases. . . ." Therefore in such an election case the judgment of the trial court may be superseded while on appeal. We will assume for purposes of this opinion that the lower court's judgment was superseded on appeal. The Supreme Court overruled the motion for rehearing of the writ of error on November 1, 1967, and by virtue of the abolishment election, the City of La Grulla has ceased to exist.

Based upon the assumption, that the judgment was superseded, and the fact that the petition for incorporation was filed on October 19, 1967, before the question of the abolition of the city became final, it is our opinion that the petition was submitted prematurely. Especially since Article 1134 (quoted above) contemplates that the inhabitants seeking incorporation must be from an unincorporated town or village. This question was not finally resolved by the courts until November 1, 1967.

It seems to be your position that a new incorporation election cannot be called until one year after the question of abolition had been resolved, that is one year from November 1, 1967. This position assumes that an incorporation election cannot be called for one year from date of an abolition election, and further that this one year is tolled by intervening litigation. We do not believe that this is the law.

The Supreme Court of Texas in Polk v. Vance, 150 Tex. 592, 243 S.W.2d 829 (1951), at page 831, clearly pointed to the distinction between the incorporation process and the abolition process.

> ". . .The Act in separate sections dealt with two elections, one to incorporate and the other to abolish. It forbade a new election to incorporate within one year, but was silent as to the time within which an election to abolish could be ordered. It seems clear that since

> the Act dealt with two different kinds
> of elections in separate sections and
> placed a limitation upon only one of
> them, there was no intention to place
> that same limitation upon the other.
> As a further indication of the legisla-
> tive intent to treat incorporation and
> abolition separately we observe that
> Article 1134 falls within Chapter 11,
> Title 28, pertaining to the incorpora-
> tion of towns and villages, while each
> Article pertaining to their abolition
> appears in Chapter 19 of the same Title.
> Each chapter is complete within itself
> in so far as it relates to its particular
> subject, and we can find no warrant for
> holding that the Legislature intended
> for the provision under discussion to
> apply to the elections governed by
> Chapter 19."   (Emphasis added.)

It is clear to us that the provision "a new election shall not be ordered in less than one year." (contained in Article 1134 to incorporate a city) only applies when the incorporation election fails to carry. When an incorporated city has been abolished by virtue of an election, held under the provisions of Article 1261, the territory thereof becomes an unincorporated town or village, and has the same status as it had prior to its incorporation.

Therefore it is our opinion that an election for incorporation may be called within less than one year from the date the question of the abolition of the City of La Grulla was finally resolved in the courts.

The cases cited in your opinion request have been analyzed and it is our opinion that they have no bearing upon the question here. The cited cases deal with the matter of contract law and the tolling of the computation of time by agreement either express or implied.

## S U M M A R Y

An incorporation election to incorporate the recently abolished "city" of La Grulla may be held in less than one year from the date the question of abolition was finally resolved in the courts, because the one-year limitation of Article 1134, Vernon's Civil Statutes, is not applicable. A petition to incorporate must, inter alia, have as its object an unincorporated town or village.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman

W. V. Geppert
John Fainter
Bill Craig
Roger Tyler

A. J. CARUBBI, JR.
EXECUTIVE ASSISTANT